# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:_____

RIGHTHAVEN LLC, a Nevada limited-liability company,

       Plaintiff,

v.

BRIAN D. HILL, an individual,

       Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Righthaven LLC ("Righthaven") complains as follows against Brian D. Hill ("Mr. Hill") on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Hill is, and has been at all times relevant to this lawsuit, identified as the "founder of USWGO" and the Internet domain found at <uswgo.com> (the "Domain"), as evidenced by the content accessible on Mr. Hill's Twitter profile, attached hereto as Exhibit 1.

5.     Mr. Hill reproduced an unauthorized copy of the photograph entitled: "TSA Agent performs enhanced pat-downs" (the "Work"), attached hereto as Exhibit 2, and displayed said unauthorized copy (the "Infringement"), attached hereto as Exhibit 3, as part of the content accessible on the Domain (the content accessible through the Domain and the Domain itself known herein as the "Website").

## JURISDICTION

6.     This Court has jurisdiction over the subject matter and the parties under the copyright laws of the United States, 17 U.S.C. § 101 et seq., as well as jurisdictional provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

7.     Righthaven is the owner of the copyright in and to the Work.

8.     On or about December 1, 2010, Mr. Hill willfully reproduced the Work on an unauthorized basis, from a source emanating from Colorado.

9.     On or about December 1, 2010, Mr. Hill displayed, and continues to display, the Infringement on the Website.

10.    The composition, at least in part, of the Work and the Infringement, is a Transportation Security Administration Agent performing an enhanced pat-down search in the Denver, Colorado airport.

11.    The focal point of the Infringement is Denver, Colorado.

12.    The only geographic location that is associated with, and related to, the Work is Denver, Colorado.

13.    The Work was originally published in *The Denver Post*.

14.    Mr. Hill knew that the Work was originally published in *The Denver Post*.

15.    Mr. Hill knew that the Work originally emanated from Colorado.

16.    At all times relevant to this lawsuit, the Infringement, as publicly displayed on the Website, was and is accessible to persons in Colorado.

17. At all times relevant to this lawsuit, the Infringement occurred and continues to occur in Colorado.

18. Mr. Hill's display of the Infringement was and is purposefully directed at Colorado residents.

19. The harm caused by the Infringement, was experienced, at least in part, in Colorado.

## VENUE

20. The United States District Court for the District of Colorado is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because Mr. Hill is subject to personal jurisdiction in Colorado.

21. The United States District Court for the District of Colorado is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Colorado.

## FACTS

22. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(5).

23. Righthaven is the owner of the copyright in and to the Work.

24. The Work was originally published on or about November 18, 2010.

25. On December 8, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number VA0001751279 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

26. On or about December 1, 2010, Mr. Hill displayed, and continues to display, the Infringement on the Website.

27. Mr. Hill did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

28. Mr. Hill was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

29. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 28 above.

30. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

31. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

32. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

33. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

34. Mr. Hill reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

35. Mr. Hill created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

36. Mr. Hill distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

37. Mr. Hill publicly displayed, and continues to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

38.     Mr. Hill has willfully engaged in the copyright infringement of the Work.

39.     Mr. Hill's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

40.     Unless Mr. Hill is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Hill of the Work, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.     Preliminarily and permanently enjoin and restrain Mr. Hill, and Mr. Hill's officers, agents, servants, employees, attorneys, related companies, partners, and all persons acting for, by, with, through, or under Mr. Hill, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2.     Direct Mr. Hill to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a.     All evidence and documentation relating in any way to Mr. Hill's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b.     All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Mr. Hill have communicated regarding Mr. Hill's use of the Work; and

    c. All financial evidence and documentation relating to Mr. Hill's use of the Work;

  3. Direct Arvixe, LLC, the current registrar, and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

  4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

  5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

  6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

  7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this twenty-seventh day of January, 2011.

          By: /s/ Steven G. Ganim
          STEVEN G. GANIM, ESQ.
          Righthaven LLC
          9960 West Cheyenne Avenue, Suite 210
          Las Vegas, Nevada 89129-7701
          Tel: (702) 527-5900
          Fax: (702) 527-5909
          sganim@righthaven.com

          SHAWN A. MANGANO, ESQ.
          SHAWN A. MANGANO, LTD.
          9960 West Cheyenne Avenue, Suite 170
          Las Vegas. Nevada  89129-7701
          Tel: (702) 304-0432
          Fax: (702) 922-3851
          shawn@manganolaw.com

          *Attorneys for Plaintiff Righthaven LLC*