**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-00211-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

    Plaintiff,

v.

BRIAN D. HILL, an individual,

    Defendant.

**MOTION FOR ENLARGEMENT OF TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION TO DISMISS ON BEHALF OF RIGHTHAVEN LLC**

Righthaven LLC ("Righthaven") hereby moves this Court, pursuant to D.C.COLO.LCivR 6.1, for an enlargement of time up to an including May 2, 2011, to file a response to Defendant's Omnibus Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, Lack of Personal Jurisdiction, Improper Venue or, Alternatively, to Transfer Venue and Attorneys Fees (Docket No.'s 12, 12-1, 12-2, 12-3, 12-4, 12-5, 12-6, 12-7, 12-8, 12-9, 12-10, 12-11, and 12-12) (the "Motion") filed by Defendant Brian Hill ("Mr. Hill" and/or "Defendant").

**CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1A**

Pursuant to District of Colorado Local Rule 7.1.A, Righthaven's undersigned counsel hereby certify that they have conferred with Luke Santangelo, Esq. of Santangelo Law Offices, P.C, counsel for Mr. Hill, who stated that they would not stipulate to the relief sought in this Motion.

/ / /

/ / /

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Righthaven respectfully requests the Court grant an extension of time of approximately twenty-one (21) days to respond to Mr. Hill's Motion. Specifically, Righthaven requests that it be permitted to file its response, if any, to the Motion on or before May 2, 2011. This request for extension of time is made in view of the parties' ongoing, diligent and good faith efforts to amicably resolve this matter.

On or about February 28, 2011, the counsel for both the Plaintiff and Defendant entered into confidential settlement negotiations. On March 1, 2011, Mr. Hill's counsel filed a Motion to Extend Time To Answer Or Otherwise Respond To Complaint (Docket No. 9-0), which this Court granted by Order on March 1, 2011 (Docket No. 11-0), requiring that Defendant's amended response to Righthaven's Complaint would be due on or before March 21, 2011.

Upon verbal conceptual agreement on or about March 9, 2011, the parties were able to arrive at a general understanding of the terms under which the parties would agree to amicably resolve this matter. Pursuant to the counsel's verbal agreement, Righthaven was to prepare and submit to Mr. Hill's counsel a confidential written settlement agreement setting forth the agreed upon terms. On or about Monday, March 21, 2011, counsel for Righthaven and Mr. Hill spoke telephonically concerning the status of the confidential written settlement agreement. Righthaven informed Mr. Hill's counsel it was still being prepared and that a draft would be submitted to Mr. Hill's counsel electronically either that day or the following. During that same teleconference, Righthaven, concerned that Mr. Hill's amended response to Righthaven's Complaint was due that same day, March 21, 2011, offered in good faith to stipulate to an extension of time for Mr. Hill to file an amended responsive pleading. This offer was made in view of the parties' advanced settlement discussions and in the hopes that counsels' efforts could be dedicated toward settlement efforts instead of continuing litigation efforts. Mr. Hill's counsel turned down Righthaven's offer and indicated it would be filing an amended response in the form of a motion, nonetheless. Mr. Hill's counsel thereafter filed the Motion (Docket No.'s 12-

0, et.al.), which is the subject of Righthaven's current request for an extension of time to respond.

On March 22, 2011, Righthaven electronically submitted the confidential written settlement agreement to counsel for Mr. Hill. On March 30, 2011, counsel for Mr. Hill submitted to Righthaven in electronic correspondence areas of concern they had regarding the confidential written settlement agreement. That same day, March 30, 2011, counsel for Righthaven and Mr. Hill had a teleconference regarding these areas of concern in an attempt to resolve them. The parties were unable to resolve the areas, and it was determined that further research and negotiation would be required. During this telephonic conference between Righthaven and Mr. Hill's counsel, Mr. Hill's counsel stated that they had not yet submitted the confidential written settlement agreement to their client, Mr. Hill. Mr. Hill's counsel also stated that they did not believe that the matter would be fully resolved before April 4, 2011. Counsel for Righthaven and Mr. Hill mistakenly believed during the teleconference that Righthaven's response to Mr. Hill's Motion was due April 4, 2011. Pursuant to D.C.COLO.LCivR 7.1A, Righthaven requested that Mr. Hill's counsel stipulate to an extension of time for Righthaven to respond to the Motion so that the parties in good faith could fully resolve outstanding areas of concern, and continue with full and final settlement of the case. Mr. Hill's counsel verbally denied Righthaven's requested extension of time.

Righthaven later realized that the counsel for the parties had been mistaken during the teleconference regarding Righthaven's response deadline to Mr. Hill's Motion, which was in fact not due until April 11, 2011, pursuant to D.C.COLO.LCivR 7.1C. Righthaven sent electronic correspondence to Mr. Hill's counsel on March 31, 2011, indicating the proper deadline, April 11, 2011, and again requested pursuant to D.C.COLO.LCivR 7.1A that Mr. Hill's counsel permit Righthaven an extension of time to respond to Mr. Hill's Motion, as well as provide Righthaven explanation as to why Mr. Hill's counsel believed the parties would be unable to resolve the matter prior to April 11, 2011. Mr. Hill's counsel responded that it was their belief that

settlement efforts were not yet close enough and that he would not stipulate to an extension of time for Righthaven to respond to the Motion.

Counsel for Righthaven has been diligently and in good faith attempting to resolve the above captioned matter for almost a month and a half through confidential settlement negotiations. Counsel for Mr. Hill received the confidential settlement agreement on March 22, 2011, and will have had by April 11, 2011 approximately three (3) weeks within which to have reviewed the document with their client, Mr. Hill, as well as to provide any proposed revisions to Righthaven. Righthaven believes that if counsel for Mr. Hill are in fact acting in good faith, the matter should be resolved in the near future. As good cause has been shown for the enlargement of time, Righthaven respectfully requests that this Court extend the date for a responsive pleading to be filed on behalf of Righthaven, up to and including May 2, 2011.

Dated this 6th day of April, 2011.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas. Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com

STEVEN G. GANIM, ESQ.
RIGHTHAVEN LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5900
Fax: (702) 527-5909
sganim@righthaven.com

*Attorneys for Plaintiff Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of Righthaven LLC and that on this 6th day of April, 2011, I caused the **MOTION FOR ENLARGEMENT OF TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION TO DISMISS ON BEHALF OF RIGHTHAVEN LLC** to be to be served by the Court's CM/ECF system.

By: /s/ Steven G. Ganim
Steven G. Ganim, Esq.
RIGHTHAVEN LLC