IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-cv-211-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,
Plaintiff,

v.

BRIAN D. HILL, an individual,
Defendant.

_____

**DEFENDANT BRIAN HILL'S RESPONSE TO RIGHTHAVEN'S MOTION FOR EXTENSION OF TIME PURSUANT TO D.C. COLO.L.CIV.R 6.1**
_____

Brian Hill ("Mr. Hill"), by through his counsel SANTANGELO LAW OFFICES, P.C., responds to Plaintiff Righthaven LLC's ("Righthaven") Motion For Extension of Time Pursuant to D.C. COLO.L.CivR 6.1. Mr. Hill respectfully request that Righthaven's request be denied, and in support thereof, provides the following memorandum and evidence.

**MEMORANDUM IN SUPPORT**

Mr. Hill disagrees that the parties have ever had a verbal conceptual agreement. In fact, as shown herein by competent evidence, while the parties have engaged in preliminary settlement discussions, the key terms and concerns raised by Mr. Hill have yet to be substantively addressed. Settlement is simply not close enough between the parties, and this fact has been repeatedly and explicitly conveyed to Righthaven's counsel. While the date sequence of the communications between the parties appears to be accurate, contrary to Righthaven's assertions, neither a "verbal conceptual agreement" nor "general understanding" has ever been

1

achieved between the parties. To further clarify that no agreement has been reached and that the parties are still far from settlement, Mr. Hill, through counsel presents the following.

The Parties initiated settlement negotiations on approximately February 28, 2011. However, such negotiations were not sustained and quickly broke down with all offers being explicitly revoked. On March 9, 2011, the parties re-initiated confidential settlement negotiations. The result was that Righthaven would put the terms in writing for consideration. Contrary to Righthaven's characterizations, this brief discussion did not result in anything that could be characterized as a "verbal conceptual agreement," nor "a general understanding of the terms under which the parties would amicably resolve this matter."

On or about the evening of March 22, 2011, (the day after Mr. Hill filed his response), the same Righthaven representative finally sent the promised confidential written settlement proposal to Mr. Hill's counsel for review. As such, on March 30, 2011, counsel for Mr. Hill provided a detailed response to counsel for Righthaven identifying at least three initial key terms that would need to be the subject of further negotiation among others. At that time counsel for Mr. Hill indicated that there were other concerns that needed to be addressed, and that in light of the motions now pending before the Court, settlement discussion "could be…premature." (See herein attached as Exhibit A - which is a redacted copy of an email communication from Mr. Hill's counsel to Righthaven expressing concerns about the settlement terms and indicating the settlement was premature and an answer to Mr. Hill's motions was expected). Nevertheless, in that same communication, counsel for Mr. Hill indicated that he would be open to any "solutions" that could resolve Mr. Hill' concerns, however, while Mr. Hill is willing to "pursue settlement discussions, while the court processes continue, we cannot not hold them up." (See herein attached as Exhibit A). Counsel for Mr. Hill affirmatively and explicitly communicated in

writing that "resolution would not be possible before [Righthaven's] answer to [Mr. Hill's] pending motions [and] we will expect those answers as currently due." (See herein attached as Exhibit A).

On March 31, 2011, counsel for Mr. Hill again communicated in writing to Righthaven explicitly reiterating that "[s]ettlement efforts are not yet close enough and cannot be used to delay [their] court response." (See herein attached as Exhibit B - which is a true and correct redacted copy of an email communication from Mr. Hill's counsel to counsel for Righthaven.)

No agreement has been reached between the parties. Even the basic key terms have not been defined. In light of the foregoing arguments and evidence, Mr. Hill, respectfully requests that this Court deny Righthaven's Motion for Extension of Time.

Respectfully submitted April 7, 2011.

**/s/David S. Kerr**
**David S. Kerr**
Santangelo Law Offices, P.C.
125 South Howes St., 3rd Floor
Fort Collins, CO 80521
Facsimile: 970-224-3175
Telephone: 970-224-3100
Email: dkerr@idea-asset.com

**/s/Luke Santangelo**
**Luke Santangelo**
Santangelo Law Offices, P.C.
125 South Howes St., 3rd Floor
Fort Collins, CO 80521
Facsimile: 970-224-3175
Telephone: 970-224-3100
Email: dkerr@idea-asset.com

Attorneys for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT BRIAN HILL'S RESPONSE TO RIGHTHAVEN'S MOTION FOR EXTENSION OF TIME PURSUANT TO D.C. COLO.L.CIV.R 6.1** was served by EFS on this 7th day of April, 2011 upon the following counsel:

Steven G. Ganim
Righthaven LLC
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5909
FAX: (702) 527-5909
sganim@righthaven.com


Shawn A. Mangano
Righthaven LLC
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5909
FAX: (702) 527-5909
shawn@manganolaw.com


/s/ David S. Kerr
Santangelo Law Offices, P.C.
125 South Howes St., 3rd Floor
Fort Collins, CO 80521
Facsimile: 970-224-3175
Telephone: 970-224-3100
Email: dkerr@idea-asset.com