## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-00211-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

      Plaintiff,

v.

BRIAN D. HILL, an individual,

      Defendant.

---

### NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i) WITH CERTIFICATE OF SERVICE

---

Righthaven LLC ("Righthaven") hereby files this notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (the "Notice of Dismissal"). Defendant's Omnibus Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, Lack of Personal Jurisdiction, Improper Venue or, Alternatively, to Transfer Venue and Attorneys Fees (Docket No.'s 12, 12-1, 12-2, 12-3, 12-4, 12-5, 12-6, 12-7, 12-8, 12-9, 12-10, 12-11, and 12-12) (the "Motion") filed by Defendant Brian Hill ("Defendant") in no way precludes Righthaven from filing the Notice of Dismissal. *See, e.g., Janssen v. Harris,* 321 F.3d 998, 1000 (10th Cir. 2003); *accord Zimmerman v. Legal Assistant at Territorial Prison,* 2010 WL 662716, at * 1 (D. Colo. Feb. 22, 2010)(recognizing that Federal Rule of Civil Procedure 41(a)(1) permits the plaintiff to file a notice of voluntary dismissal before the opposing party files an answer or motion for summary judgment). Moreover, Righthaven's Notice of Dismissal is effective upon filing and no subsequent order is required from the Court. *See Hyde Constr. Co. v. Koehring Co.,* 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file for this case. *See id.*

Righthaven's Notice of Dismissal is in no way a concession that the Defendant is immune from copyright liability.  Righthaven, contrary to the declarations submitted to this Court by the Defendant and his mother, has attempted to amicably resolve this matter for well over a month.  While a written settlement agreement was drafted and provided to opposing counsel, additional issues continue to be raised or otherwise presented that have prevented the parties from resolving the minor differences between them.  Simply put, Defendant's counsel has clearly used the ongoing settlement negotiations as a ruse to make Righthaven believe this case was on the verge of settlement while concurrently drafting the fifty-six (56) page Motion that was pending before this Notice of Dismissal was filed.

Righthaven has acted in good faith at all times during the settlement negotiations in this case. Moreover, while not a basis for excusing him of liability, Righthaven was unaware of the Defendant's alleged medical condition prior to filing suit.  In fact, Defendant's incessant use of the Internet as a means to post inflammatory statements about Righthaven and about these legal proceedings say more about his cognitive ability than one would otherwise surmise from the press statements made by his counsel.

In short, Defendant and his counsel wish to prolong these proceedings so that they can continue to use this case as a means for unjustly attacking Righthaven and its copyright enforcement efforts.  Righthaven is no longer willing to engage in settlement discussions over trivial issues while the Defendant and his counsel seek to extend this action for publicity purposes. Accordingly, Righthaven's filing of the Notice of Dismissal closes this case, but in doing so it is not sanctioning the Defendant's unauthorized replication of the copyright protected material at issue.  While the Defendant may believe the Notice of Dismissal evidences his authorization to misappropriate copyright protected material in the course of his Internet-related conduct, he can continue to do so at his own peril.  Others observing these proceedings should so likewise heed this advice because this Notice of Dismissal in no way exonerates any other

defendant in any other Righthaven action for stealing copyright protected material and republishing such material without consent.

Dated this 11th day of April, 2011.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com

STEVEN G. GANIM, ESQ.
RIGHTHAVEN LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5900
Fax: (702) 527-5909
sganim@righthaven.com

*Attorneys for Plaintiff Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on April 11, 2011, I caused the foregoing **NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** to be to be served by the Court's CM/ECF system.


By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.