**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. **1:11-cv-00211-JLK**

**RIGHTHAVEN LLC**, a Nevada Limited Liability Company

    Plaintiff,

    v.

**BRIAN D. HILL**, an individual,

    Defendant.

_____

**REQUEST FOR HEARING ON PENDING MOTION**
_____

On March 21, 2012, Defendant Brian Hill ("Mr. Hill") moved the above referenced action be dismissed for Failure To State a Claim Upon Which Relief Can Be Granted, Lack of Personal Jurisdiction, Improper Venue or, Alternatively, To Transfer Venue and Attorneys' Fees (the "Motion") (Docket No. 12). On April 6, 2011, Righthaven filed a request for an extension of time to answer Mr. Hill's motion to dismiss (Docket No. 12). Such request was subsequently denied (Docket No. 15). Rather than answer, on April 10, 2011, Righthaven voluntarily dismissed Mr. Hill (Docket No. 17). The request for attorneys' fees has not been decided and is not mooted by Righthaven's voluntary dismissal. Pursuant to 28 U.S.C. §1927, and this Court's inherent power, and in the interest of justice, Defendant, Mr. Hill, by and through his counsel SANTANGELO LAW OFFICES, P.C., as attorneys of record, and as officers of the Court, respectfully request a hearing to address the outstanding Motion for Attorneys' Fees. In support, Mr. Hill respectfully submits the following points and authority.

**POINTS AND AUTHORITY**

**1) THIS COURT RETAINS JURISDICTION TO CONSIDER THE ISSUE OF ATTORNEYS' FEE AND SANCTIONS**

It is well established that "federal court[s] may consider collateral issues after an action is no longer pending, including an award of attorney's fees." *Lorillard Tobacco Co. v. Engida*, 611

1

F.3d 1209, 1218 (10th Cir. Colo. 2010) (*citing Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, (1990) (holding that "nothing in the language of Rule 41(a)(1)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal").  Thus, despite Righthaven's voluntary dismissal of Mr. Hill, "[t]he district court [retains] jurisdiction to consider collateral issues including an award of counsel fees." *Id*.

## 2) THE DISTRICT COURT POSSESSES INHERENT AUTHORITY TO AWARD ATTORNEYS' FEES

District Courts possess inherent power to manage its affairs and to prevent abuse of the judicial process. *See generally Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001) As such, qacourt may assess, of its own accord attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO Inc*., 501 U.S. 32, 44-46 (1991) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975)). The Tenth Circuit has on multiple occasions affirmed the Court's inherent power to impose attorney's fees. *See Glass v. Pfeffer*, 849 F.2d 1261, 1264-66 (10th Cir. 1988). Specifically, to ensure that the Courts are used as a forum for the orderly resolution of good faith disputes, and to prevent and deter misuse of the judicial system, District Courts have "inherent powers" to "levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980); *see also Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1317 (10th Cir. 2000) (holding that "federal courts have . . . inherent power to sanction parties for bad faith conduct in litigation"). Such inherent powers specifically include the authority to assess fees against counsel who engage in abusive litigation conduct. *See Link* v. *Wabash R. Co*., 370 U.S. 626, 632 (1962).

The judicial system and its officers do not exist in a vacuum. The Tenth Circuit clarified that "[w]hen attorney fees are awarded against a plaintiff, the court looks to the plaintiff's conduct in bringing the lawsuit and the manner in which it is prosecuted." *National Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1148 (10th Cir. 2000). Under analogous circumstances, courts have recognized that the motivations underlying serial nuisance copyright suits must be deterred and recompensed by an award of attorneys' fees. *See, e.g., Video- Cinema Films, Inc. v. CNN, Inc.*, 2003 U.S. Dist. LEXIS 4887, at 14-15 (S.D.N.Y. Mar. 31, 2003) (applying the Copyright Act to determine that "[p]laintiff's conduct was nothing more than an obvious effort to use the Copyright Act to secure payment from Defendants…as

such Plaintiff's motivation was improper and weighed in favor of an award of attorneys' fees"); *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 894-896 (6th Cir. 2004) (applying the Copyright Act, attorneys' fees were in part appropriate where plaintiff's "choice to sue hundreds of defendants all at the same time, regardless of the strength of the individual claims" resulted in their "dragnet inevitably [sweeping] up parties against whom they had little or no chance of succeeding" and recognizing the District Court's observation that remaining copyright claims against other similarly situated Defendants were "for the sole purpose of extracting settlement based on the cost of litigating further.").

### 3) THE DISTRICT COURT POSSESSES STATUTORY AUTHORITY TO AWARD ATTORNEYS' FEES

The Court additionally possesses statutory authority to impose such sanctions. Pursuant to 28 U.S.C. §1927, a "district court may assess an award of fees against an attorney appearing before the court if: (1) the actions of the attorney multiply the proceedings, and (2) the attorney's actions are vexatious and unreasonable." *Dreiling v. Peugot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985). Sanctions under §1927 are appropriate when an attorney acts "recklessly or with indifference to the law." *Dominion Video Satellite, Inc. v. Echostar Satellite LLC*, 430 F.3d 1269, 1278 (10th Cir. 2005). (*citing Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987). Sanctions are also appropriate "when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (quotations and internal citations omitted). Noteworthy is that, a finding of bad faith is not necessary to impose sanctions under §1927. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008).

As detailed in the previous motions, on information and belief, Righthaven's conduct in bringing this lawsuit, and the manner in which it was prosecuted, was reckless, unreasonable, in bad faith, or solely for vexatious, obstinate, wanton, or oppressive reasons. More to the point, should Righthaven be allowed to bring such profit-motivated lawsuits against persons, such as Mr. Hill, who are obviously not subject to this Court's jurisdiction, with minimal due diligence as to the facts and the law, coupled with inappropriate and unsupported *in terrorem* requests, then simply allowed to voluntarily dismiss such cases to avoid the cost of litigation that Righthaven itself initiated, after defendants have put forth considerable effort in defense, could

3

convert this Court, and its officers into a vehicle to extract settlements from overwhelmed and ill-equipped Defendants. Upon information and belief, a similar dismissal tactic was employed in another Righthaven case filed in the US District Court for the District of Nevada, where facing stiff legal opposition, Righthaven again attempted to voluntarily dismiss its action to prevent defendant from raising legitimate defenses and foreclose an award of attorneys' fees and evade the costs of litigation it had itself initiated. Such voluntary dismissal was similarly opposed. (*See Righthaven v. Democratic Underground, et al*., Case No. 2:10-cv-01356-RLH-RJJ, Dkt. No. 45). Such litigation tactics should not be without consequence. Mr. Hill believes that there exist proper legal and factual grounds for the Court to exercise its inherent and statutory authority to grant an award of attorneys' fees. To the extent that such an issue is ripe for consideration, Mr. Hill respectfully requests a hearing to address such matters.

## STATEMENT REGARDING LOCAL RULE 7.1

This request is made to proceed with resolution of the pending Motion for Attorney's Fees filed as part of the Omnibus Motions dated March 21, 2011. As such, Local Rule 7.1 is believed not applicable.

Respectfully submitted April 13th, 2011.

**/s/Luke Santangelo**_____
**Luke Santangelo**
Santangelo Law Offices, P.C.
125 South Howes St., 3rd Floor
Fort Collins, CO 80521
Facsimile: 970-224-3175
Telephone: 970-224-3100
Email: dkerr@idea-asset.com

**/s/David S. Kerr**_____
**David S. Kerr**
Santangelo Law Offices, P.C.
125 South Howes St., 3rd Floor
Fort Collins, CO 80521
Facsimile: 970-224-3175
Telephone: 970-224-3100
Email: dkerr@idea-asset.com

Attorneys for the Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **REQUEST FOR HEARING ON PENDING MOTION** was served by EFS and direct e-mail on this 13th day of April, 2011 upon the following counsel:

Steven G. Ganim
Righthaven LLC
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5909
FAX: (702) 527-5909
sganim@righthaven.com


Shawn A. Mangano
Righthaven LLC
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5909
FAX: (702) 527-5909
shawn@manganolaw.com

    /s/ David S. Kerr
    Santangelo Law Offices, P.C.
    125 South Howes St., 3rd Floor
    Fort Collins, CO 80521
    Facsimile: 970-224-3175
    Telephone: 970-224-3100
    Email: dkerr@idea-asset.com