**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-00211-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

       Plaintiff,

v.

BRIAN D. HILL, an individual,

       Defendant.

---

**AMENDED AND/OR CLARIFIED NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i) WITH CERTIFICATE OF SERVICE**

---

      Righthaven LLC ("Righthaven") hereby files this amended and/or clarified notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (the "Amended Notice of Dismissal"), which seeks to amend or clarify the previous notice of dismissal filed on or about April 11, 2011 (Doc. # 17).  This Amended Notice of Dismissal amends or clarifies any misunderstanding based on the contents of the Notice of Dismissal that it has and has always intended through said filing to voluntarily dismiss its Complaint in this action with prejudice.  It was Righthaven's belief that it had so stated in the prior Notice of Dismissal, but a review of the Notice of Dismissal's content and the Court's subsequent Order striking its material contained therein pursuant to Federal Rule of Civil Procedure 12(f)("Rule 12(f)") caused it to become aware that it had failed to expressly state that it was voluntarily dismissing the action with prejudice.

      This filing reiterates that Defendant's Omnibus Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, Lack of Personal Jurisdiction, Improper Venue or,

Alternatively, to Transfer Venue and Attorneys Fees (Docket No.'s 12, 12-1, 12-2, 12-3, 12-4, 12-5, 12-6, 12-7, 12-8, 12-9, 12-10, 12-11, and 12-12) (the "Motion") filed by Defendant Brian Hill ("Defendant") in no way precludes Righthaven from filing the Notice of Dismissal or this Amended Notice of Dismissal.  *See, e.g., Janssen v. Harris,* 321 F.3d 998, 1000 (10th Cir. 2003); *accord Zimmerman v. Legal Assistant at Territorial Prison,* 2010 WL 662716, at * 1 (D. Colo. Feb. 22, 2010)(recognizing that Federal Rule of Civil Procedure 41(a)(1) permits the plaintiff to file a notice of voluntary dismissal before the opposing party files an answer or motion for summary judgment).  Moreover, Righthaven's Notice of Dismissal, as clarified or modified by this Amended Notice of Dismissal, was effective upon filing and no subsequent order is required from the Court.  *See Hyde Constr. Co. v. Koehring Co.,* 388 F.2d 501, 507 (10th Cir. 1968).  The notice, as clarified or amended by this submission, has closed the file for this case. *See id.*

Righthaven understands the Court elected to strike the remaining contents of the Notice of Dismissal (Doc. # 17) based upon Rule 12(f) by concluding the remaining contents of said filing constituted "immaterial and impertinent" text following the Righthaven's statement that "This notice closes the file for this case."  Righthaven respectfully disagrees with the Court striking the contents of the Notice of Dismissal pursuant to Rule 12(f).  Rule 12(f), as interpreted in this judicial district, only pertains to "pleading(s)" that are defined under Federal Rule of Civil Procedure 7(a)("Rule 7(a)") to include "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) a reply to an answer, if ordered by the court."  *AIG Annuity Ins. Co. v. Law Offices of Theodore Coats, P.C.,* 2008 WL 4079982, at *5 (D. Colo. Sept. 2, 2008).  The Court is not empowered to strike material contained in filings that are not "pleadings" within the meaning of Rule 12(f) in view of those materials set forth under Rule 7(a). *See id; see also Williams v. Alpine Banks of Colo.,* 2006 WL 905333, at *1 (D. Colo. Apr. 7, 2006)(citing *Jones v. Topeka,* 764 F.Supp. 1423, 1425 (D. Kan. 1991)); *accord Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983); *Sauls v. Bristol-Meyers*

*Co.,* 462 F.Supp. 887, 888 n.1 (S.D.N.Y. 1978); *Lenz v. Hospitality Staffing Solutions, LLC,* 2008 WL 269607, at *9 (N.D. Ga. Jan. 28, 2008)(noting that Rule 12(f) only permits a court to strike pleadings and not other filings).

      Righthaven brings the following authority to the Court's attention so as to make it aware of its apparent prior mistaken reliance on Rule 12(f) in summarily striking the remaining contents of the Notice of Dismissal (Doc. # 17). Righthaven resubmits in connection with this Amended Notice the largely the same statements previously stricken by the Court with some slight modifications in view of the nature of this filing. Righthaven certainly understands the Court will likely strike most of the statements contained in this Amended Notice, but in doing so it asks that the Court not take such action under Rule 12(f) in view of the foregoing case law. Righthaven additionally wishes to stress that the Amended Notice and its contents are in not being filed as an affront to this Court or its prior decision to strike certain contents of the Notice of Dismissal. Righthaven simply maintains, as any advocate would because of the need to clarify or otherwise modify that its prior submission was to be with prejudice, that the Court improperly struck the contents from its prior submission under Rule 12(f). Righthaven further maintains it is entitled to have the full content of this submission made publicly available absent a subsequent contrary determination by the Court that a basis to strike exists other than under Rule 12(f) upon which its has relied. Accordingly, the following statements, which are largely consistent with those previously contained in the Notice of Dismissal and stricken by the Court under a mistaken belief in Rule 12(f) authorizing it do so, are resubmitted in connection with this Amended Notice of Dismissal. If the Court disagrees with Righthaven's approach in presenting its Rule 12(f) through this filing, it may strike the Rule 12(f) and related argument portions of the Amended Notice on the grounds that they more properly presented in a motion for reconsideration or such other motion as is required to address them.

      Righthaven's Amended Notice of Dismissal is in no way a concession that the Defendant is immune from copyright liability. Righthaven, contrary to the declarations submitted to this

Court by the Defendant and his mother, has attempted to amicably resolve this matter for well over a month.  While a written settlement agreement was drafted and provided to opposing counsel, additional issues continue to be raised or otherwise presented that have prevented the parties from resolving the minor differences between them.  Simply put, Defendant's counsel has clearly used the ongoing settlement negotiations as a ruse to make Righthaven believe this case was on the verge of settlement while concurrently drafting the fifty-six (56) page Motion that was pending before the Notice of Dismissal, as clarified or modified by this Amended Notice of Dismissal, was filed.

      Righthaven has acted in good faith at all times during the settlement negotiations in this case. Moreover, while not a basis for excusing him of liability, Righthaven was unaware of the Defendant's alleged medical condition prior to filing suit.  In fact, Defendant's incessant use of the Internet as a means to post inflammatory statements about Righthaven and about these legal proceedings say more about his cognitive ability than one would otherwise surmise from the press statements made by his counsel.

      In short, Defendant and his counsel wish to prolong these proceedings so that they can continue to use this case as a means for unjustly attacking Righthaven and its copyright enforcement efforts.  Righthaven is no longer willing to engage in settlement discussions over trivial issues while the Defendant and his counsel seek to extend this action for publicity purposes. Accordingly, Righthaven's filing of the Notice of Dismissal, as clarified or modified by this Amended Notice of Dismissal, closes this case.  In doing so, Righthaven is not sanctioning the Defendant's unauthorized replication of the copyright protected material at issue. While the Defendant may believe the Notice of Dismissal, as clarified or modified by this Amended Notice of Dismissal, evidences his authorization to misappropriate copyright protected material in the course of his Internet-related conduct, he can continue to do so at his own peril. Others observing these proceedings should so likewise heed this advice because the Notice of Dismissal, as clarified or modified by this Amended Notice of Dismissal, in no way exonerates

any other defendant in any other Righthaven action for stealing copyright protected material and republishing such material without consent.

In closing, Righthaven hereby corrects or modifies its Notice of Dismissal (Doc. # 17) to properly reflect its original intent to voluntarily dismiss the Complaint against the Defendant in this action with prejudice.

Dated this 14th day of April, 2011.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas. Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com

STEVEN G. GANIM, ESQ.
RIGHTHAVEN LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5900
Fax: (702) 527-5909
sganim@righthaven.com

*Attorneys for Plaintiff Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on April 11, 2011, I caused the foregoing **AMEDNED AND/OR CLARIFIED NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** to be to be served by the Court's CM/ECF system.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.