**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-00211-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

        Plaintiff,

v.

BRIAN D. HILL, an individual,

        Defendant.

---

**RIGHTHAVEN LLC'S RESPONSE TO DEFENDNT BRIAN D. HILL'S MOTION FOR ATTORNEY FEES PURSUANT TO APRIL 14, 2011 MINUTE ORDER WITH CERTIFICATE OF SERVICE**

---

Righthaven LLC ("Righthaven") hereby responds to that portion of Defendant Brian D. Hill's ("Defendant") Omnibus Motion to Dismiss related to his request for an award of attorney fees (the "Motion," Doc. # 12-1 at 51-54), pursuant to this Court's April 14, 2011 Minute Order (Doc. # 20).

Righthaven's response is supported by the declaration of Sara Glines (the "Glines Decl."), who serves as the Vice President of Field Operations for MediaNews Group, the declaration of Steven G. Ganim, Esq. (the "Ganim Decl."), who serves as in-house counsel for the company and is counsel of record in this action, along with the declaration of Shawn A. Mangano, Esq. (the "Mangano Decl."), who is outside counsel for the company and is lead counsel in this action.

    **I.    INTRODUCTION.**

During the fairly short duration of this case, Righthaven prosecuted and attempted to resolve its claims as reasonably as possible. Righthaven was unaware of the Defendant's

medical condition prior to filing suit. (Mangano Decl. ¶ 3.) Once Righthaven's counsel became aware of the Defendant's medical condition, it immediately sought to resolve this case for the sum of $1.00, the Defendant's agreement not to continue to disseminate untruthful statements about the company, along with his agreement to remove any current Internet content, and with a press release containing mutually acceptable language concerning the lawsuit's dismissal. (*Id.*)

Righthaven did not oppose Defendant's first request for an extension of time to respond to the Complaint. (Doc. # 9; Mangano Decl. ¶ 4.) In fact, Righthaven even offered to stipulate or file a non-opposition to a second request for an extension of time to respond to the Complaint given the progress of settlement discussions between the parties. (Mangano Decl. ¶ 4.) Defendant's counsel refused, instead electing to file a 55-page brief in support of his Omnibus Motion to Dismiss. (*Id.*; Doc. # 12.) Although Righthaven believed settlement was imminent, having even reduced an agreement to writing, Defendant's counsel continued to raise a variety of issues indicating an unwillingness to reach an amicable resolution. (*Id.* ¶ 5.) Righthaven elected to dismiss the action rather than spend additional time, effort and resources opposing Defendant's Omnibus Motion to Dismiss or continue to try to resolve the apparent endless stream of issues presented by opposing counsel that precluded an amicable resolution of this matter. (*Id.*)

Righthaven's desire to settle, and to eventually voluntarily dismiss this matter was driven by the Defendant's medical condition. (*Id.* ¶ 6.) It was not done in response to a lack of merit for the copyright infringement claims placed at issue through Righthaven's Complaint (*Id.*)

In this regard, Righthaven clearly asserted a viable *prima facie* claim for copyright infringement against the Defendant. (Doc. # 1.) In support of its infringement claim, Righthaven attached a copy of the copyrighted work at issue, evidence supporting Defendant's ownership and control over the website used for the unauthorized posting of the work, evidence of the work's registration with the United States Copyright Office ("USCO"), and a screen print of the work's unauthorized display on the website owned and controlled by the Defendant. (Doc. # 1,

Exs. 1-4.) Righthaven has attempted to further validate the merits underlying its allegations in this action through the submission of the declaration of Sara Glines, who serves as the Vice President of Field Operations for MediaNews Group, and the declaration of Steven G. Ganim, Esq., who serves as in-house counsel for the company. (*See* Glines Decl.; Ganim Decl.) Simply put, the allegations set forth in Righthaven's Complaint, together with these supporting materials, demonstrate this case was brought with a clear factual and legal basis.

Righthaven is certainly aware of the disdain this Court apparently has for its perceived business model. This disdain was clearly set forth in Court's April 7, 2011 Order, which denied Righthaven's first request for an extension of time to respond to the Omnibus Motion to Dismiss. (Doc. # 16.) Despite the Court's condemnation of its business model, Righthaven remains hopeful the Court will consider that the claims brought against the Defendant were not done with malice, for an improper purpose, or that the company did not reasonably attempt to resolve this matter once it learned of the Defendant's medical condition.

These factual observations aside, and turning to the substantive issues presented in the Motion, Righthaven voluntarily dismissed this action against Defendant on April 11, 2011. (Doc. # 17.) In doing so, Righthaven intended, and in fact believed its notice of dismissal, was dismissing the action with prejudice. However, a review of the notice revealed that it did not expressly state the action was being dismissed with prejudice. As a result, Righthaven filed an amended and/or corrected notice of dismissal indicating that its prior notice was to be with prejudice. (Doc. # 21.) Righthaven's dismissal of this case with prejudice is important because such action precludes the recovery of attorneys' fees absent "exceptional circumstances." *See Vanguard Envtl., Inc. v. Kerin,* 528 F.3d 756, 760 (10th Cir. 2008)(internal quotations omitted). Defendant has presented no exceptional circumstances to warrant an award of attorneys' fees in this action in view of Righthaven's voluntary dismissal with prejudice.

Defendant's Motion was filed before Righthaven voluntarily dismissed this action. (Doc. # 12 at 51-54.) Defendant's Motion asks the Court for an award of attorney's fees under 17

U.S.C. § 505 of the Copyright Act ("Section 505"). (*See id* at 53.) However, as argued below, there is no justification under the considerations set forth under decisions interpreting Section 505 to justify an award of costs and reasonable attorneys' fees to the Defendant as a prevailing party based on the record before the Court. Accordingly, Section 505 does not support the relief requested by Defendant.

Finally, to the extent the Court concludes that despite Righthaven's voluntary dismissal of this action it continues to have the inherent power to award attorneys' fees to Defendant it must conclude that a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991)(internal quotations omitted). Defendant has neither presented, nor does the conduct during this case, meet the extremely high threshold for an award of attorneys' fees under the Court's inherent power.

## I.  STATEMENT OF FACTS.

On January 27, 2011, Righthaven filed this action for copyright infringement based on the unauthorized display of a photograph entitled, "TSA Agent performs enhanced pat-downs" (the "Work"). (Doc. # 1 at 2; Ganim Decl. ¶¶ 3-5.) The Work depicts a Transportation Safety Administration Agent performing a "pat-down" search of a traveler in a Denver, Colorado airport. (*Id.* at 2; Ganim Decl. ¶ 3; Glines Decl. ¶¶ 3-5.) No other geographic location is associated with the Work. (Doc. # 1 at 3; Glines Decl. ¶ 5.) *The Denver Post* originally published the Work on or about November 18, 2010. (*Id.* at 2-3; Ganim Decl. ¶ 3; Glines Decl. ¶ 6.)

On or about December 1, 2010, Defendant allegedly posted an unauthorized replication of the Work. (*Id.*at 2-4; Ganim Decl. ¶ 7; Glines Decl. ¶ 9.) All rights, title and interest in and to the Work were assigned to Righthaven on or about December 1, 2010. (Glines Decl. ¶ 9.) On December 8, 2010, Righthaven was granted registration in and to the Work by the USCO. (Doc. # 1 at 3, Ex. 4; Ganim Decl. ¶ 7.)

Specifically, Righthaven alleged in this action that on or about December 1, 2010, Defendant posted an unauthorized copy of the Work on the Internet website <uswgo.com> (the

"Website"). (Doc. 1 at 2-4; Ganim Decl. ¶¶ 5-6.) Defendant is the admitted "founder of USWGO", as described in his Twitter profile. (*Id.* at 1; Ganim Decl. ¶ 5.)

After being granted a first extension of time to respond to Righthaven's Complaint (Doc. # 11), Defendant filed his Omnibus Motion to Dismiss. (Doc. # 12.) Righthaven, after the Court denied its motion for an extension of time to respond to the Omnibus Motion to Dismiss (Doc. # 16), voluntarily dismissed this action. (Doc. # 18.) Thereafter, Righthaven corrected and/or clarified its voluntary dismissal to reflect that it was with prejudice. (Doc. # 21.) Concurrently, the Court granted, without opposition, Defendant's request to adjudicate the instant Motion. (Doc. # 20.)

## II. STANDARDS APPLICABLE TO DEFENDANT'S ATTORNEYS' FEES REQUEST.

Righthaven voluntarily dismissed this action with prejudice by filing its amended and/or corrected notice of dismissal. (Doc. # 17.) "A defendant may not recover attorneys' fees when a plaintiff voluntarily dismisses an action with prejudice . . . absent 'exceptional circumstances.'" *See Vanguard Envtl., Inc.,* 528 F.3d at 760 (quoting *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1527 (10th Cir. 1997)). An example of exceptional circumstances is "'when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system.'" *Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1222 (10th Cir. 2006)(quoting *AeroTech, Inc.,* 110 F.3d at 1528). The dismissal of claims with prejudice, even done shortly before trial, does not constitute exceptional circumstances necessary to warrant an award of attorneys' fees. *See Vanguard Envtl., Inc.,* 528 F.3d at 760.

Section 505 permits a prevailing party to recovery reasonable attorneys' fees and costs. 17 U.S.C. § 505. Such an award is at the district court's discretion. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994). Awards under Section 505 must be applied in an evenhanded manner faithful to the purposes of the Copyright Act. *Id.* at 534. In making such a determination, the

district court should consider such factors as the "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19 (internal quotations omitted).

Pursuant to its inherent power, "a court may assess attorney's fess [as a sanction] when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Chambers*, 501 U.S. at 45-46 (internal quotations omitted). "In this regard, if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party. *Id.* at 46 (internal quotations omitted). "A court must . . . exercise caution in invoking its inherent power and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees . . . ." *Id.* at 50. Moreover, "when there is bad faith-conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than its inherent power." *Id.*

Application of the foregoing standards demonstrates that Defendant's request for an award of attorneys' fees should be denied. First, Righthaven's dismissal with prejudice precludes an award of attorneys' fees because no exceptional circumstances are present to authorize such relief. Second, the factual record before the Court does not warrant an award of attorneys' fees under the factors considered under Section 505. Finally, an award based on the Court's inherent sanction power is unjustified given the facts of this case. Accordingly, Defendant's Motion should be denied.

### III.   ARGUMENT.

There are apparently three grounds upon which an award of attorneys' fees may be awarded in view of the Court's April 14, 2011 Minute Order (Doc. # 20) and in further view of the arguments raised in the Motion (Doc. # 12-1 at 51-54): (1) in view of Righthaven's voluntary dismissal of this action with prejudice; (2) pursuant to the consideration factors under Section

505; or (3) based upon the Court's inherent sanction power. Righthaven will address the merits of each of these three grounds for an award of attorneys' fees in view of the record before the Court. Righthaven asserts that Defendant's Motion should be denied after proper consideration of the record presented in view of the applicable legal standards.

> **A.** *Righthaven's Voluntary Dismissal With Prejudice Bars an Award of Attorneys' Fees Absent Exceptional Circumstances, Which Are Not Present.*

Righthaven voluntarily dismissed this action with prejudice by filing its amended and/or corrected notice of dismissal. (Doc. # 17.) As stated in the amended and/or corrected notice of dismissal, Righthaven inadvertently omitted reference to the dismissal being with prejudice when it was filed. (*Id.*) Upon discovering its omission, Righthaven promptly corrected its error.

Recovery of attorneys' fees following a voluntary dismissal with prejudice is only justified upon a finding of exceptional circumstances. *Vanguard Envtl., Inc.,* 528 F.3d at 760. One example of exceptional circumstances is "'when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system.'" *Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1222 (10th Cir. 2006)(quoting *AeroTech, Inc.,* 110 F.3d at 1528). A plaintiff is entitled to dismiss claims with prejudice shortly before the start of trial without qualifying as exceptional circumstances to support an award of attorneys' fees. *See Vanguard Envtl., Inc.,* 528 F.3d at 760. The rationale underlying this approach recognizes that a party benefitting from a dismissal with prejudice does not face the possibility of incurring costs in defending the action again. *See AeroTech, Inc.,* 110 F.3d at 1528.

The record before the Court contains absolutely no basis upon which it could properly conclude the presence of exceptional circumstances to justify an award of attorneys' fees. As argued in the introduction to this response, Righthaven's infringement claim had clear factual and evidentiary support. (*See* Doc. # 1, Exs. 1-4;Ganim Decl.; Glines Decl.) Righthaven

attempted to amicably and quickly resolve this matter once counsel learned of the Defendant's medical condition. (Mangano Decl. ¶ 3.) Moreover, Righthaven's eventual dismissal of this action was in consideration of Defendant's medical condition – not because its copyright infringement claim lacked merit. (Mangano Decl. ¶ 3.)

In support of his request for an award of attorneys' fees, Defendant offers no specific factual basis upon which the Court could conclude that exceptional circumstances exist. Defendant has failed to detail any bad faith engaged in during settlement negotiations. (Doc. 12-1 at 53.) In fact, the Defendant has failed to disclose any such facts whatsoever. (*Id.*) To the extent the Defendant wishes to address or otherwise present these issues for the first time in his reply brief, Righthaven requests an opportunity to respond to this newly presented material and argument.

Likewise, the Defendant has speculatively argued "upon information and belief" that "Righthaven cannot reasonably and diligently litigate or even engage in substantive settlement negotiations brought in a manner that does not prejudice and unnecessarily drain limited judicial resources." (*Id* at 53-54.) This argument is wholly without merit. Righthaven has successfully litigated numerous complex issues, such as personal jurisdiction and subject matter jurisdiction, raised in a variety of copyright infringement cases. *See, e.g., Righthaven LLC v. Magerwager.com, Inc.,* 2010 WL 4386499, at *1 (D. Nev. Oct. 28, 2010); *Righthaven LLC v. Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *1 (D. Nev. Sept. 2, 2010). It has also, obviously, managed to resolve matters on agreeable terms given the facts presented in this judicial district and in the district of Nevada. Simply put, Defendant's arguments in this regard and his reference to Righthaven naming two incorrect parties is neither based in fact, nor supports a finding of exceptional circumstances.

In short, Defendant's Motion fails to direct the Court to even a scintilla of evidence from these proceedings to justify a finding of exceptional circumstances. Rather, Defendant asks this Court to conclude otherwise by advancing speculative, disparaging remarks about Righthaven's

ability and its methods for prosecuting pending copyright litigation matters.  Defendant's contentions are nothing short of absurd.  The record before the Court demonstrates that Righthaven had clear legal and factual basis for commencing its copyright infringement claim against Defendant.  (*See* Doc. # 1, Exs. 1-4;Ganim Decl.; Glines Decl.)  Righthaven has further attempted to demonstrate that it attempted to resolve this case promptly and amicably when its counsel learned of the Defendant's medical condition.  (Mangano Decl. ¶ 3.)  These circumstances do not evidence the conduct of a party that has engaged in exceptional circumstances sufficient to support an award of attorneys' fees given its dismissal of its case with prejudice.  Accordingly, Righthaven maintains that an award of attorneys' fees under this standard would be improper.

### B. *An Award of Attorneys' Fees is Unwarranted Under Section 505 Based on The Facts Before The Court.*

An award of attorneys' fees under Section 505 is also unwarranted based on the facts before the Court.  Accordingly, Righthaven asserts that Section 505 cannot serve as a basis for granting the relief requested by Defendant's Motion.

As noted earlier in this response, Section 505 permits a prevailing party to recovery reasonable attorneys' fees and costs.[1]  17 U.S.C. § 505.  Such an award is at the district court's discretion.  *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994).  Awards under Section 505 must be applied in an evenhanded manner faithful to the purposes of the Copyright Act.  *Id.* at 534.  Although there is no "precise rule or formula" for a court to employ when deciding whether a

---

[1]  Although the United States Court of Appeals for the Tenth Circuit has apparently not addressed the issue, other courts have determined that a voluntary dismissal with prejudice or other favorable court initiated disposition may qualify as a prevailing party under Section 505 based on "a material alteration of the legal relationship" between the parties.  *See Cadkin v. Loose,* 569 F.3d 1142, 1150 (9th Cir. 2009); *Riviera Distribs., Inc. v. Jones,* 517 F.3d 926, 928 (7th Cir, 2008); *Torres-Negron v. J & N Records, LLC,* 504 F.3d 151, 164 (1st Cir. 2007).  Accordingly, recovery under Section 505 may be precluded based on these decisions should the Court refuse to recognize Righthaven's amended and/or corrected notice of dismissal. (Doc. # 17.)

party is entitled to an award of attorneys' fees under Section 505, the court may consider factors such as the frivolousness, motivation, objective reasonableness of the non-prevailing party's action (both in factual and the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence. *Palladium Music, Inc. v. Eastsleepmusic, Inc.,* 398 F.3d 1193, 1200 (10th Cir. 2005)(citing *Fogerty,* 510 U.S. 534 n.19. The district court abuses its discretion when "it fails to consider the applicable legal standard or the facts upon which the exercise of discretionary judgment is based." *See Ohlander v. Larson,* 114 F.3d 1531, 1531 (10th Cir. 1997).

Here, proper application of the attorneys' fee award factors under Section 505 does not justify the relief requested in Defendant's Motion based on the factual record before the Court. While Righthaven will strive to effectively address each of the attorneys' fee award factors the Court is required to consider under Section 505, it should be noted that Defendant's Motion contained no meaningful analysis or credible supporting evidence to justify his requested relief under Section 505. (Doc. # 12-1 at 51-54.)

Righthaven asserts that Defendant's failure to demonstrate his entitlement to such relief in his Motion cannot be cured by submission of additional evidence and argument through a reply brief. Doing so only serves to deprive Righthaven of its opportunity to address the merits of the facts relied upon for the relief requested, which in this case amount to wholesale speculation and baseless *ad hominem* attacks directed toward Righthaven's business model and purported litigation practices. (*Id.*) Thus, Defendant's failure to demonstrate entitlement to an award of attorneys' fees under Section 505 by properly addressing the factors applicable to the Court's determination with credible evidence, should be deemed a waiver or failure of his ability to demonstrate a *prima facie* entitlement to the relief requested. This fact alone axiomatically supports denying Defendant an award of attorneys' fees based upon Section 505.

Defendant's failure to demonstrate a *prima facie* entitlement to recover attorneys' fees aside, the application of each of the specific consideration factors to the record presented to this Court supports denying Defendant an award under Section 505.

### 1. *Righthaven's copyright infringement claim against the Defendant was not meritless under a Section 505 analysis.*

Turing to the first consideration factor for an award of attorneys' fees under Section 505, Righthaven's copyright infringement claim was not without merit.

As a threshold matter, Righthaven's allegations unquestionably support a legally cognizable claim for direct copyright infringement. *See Palladium Music, Inc.,* 398 F.3d at 1196 (10th Cir. 2005)("To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) unauthorized copying of constituent elements of the work that are original."). Righthaven did not advance any novel or cutting-edge vicarious or contributory liability theories or seek to enforce rights that were obviously barred by the statute of limitations.

Righthaven certainly wishes to address the Defendant's claim that numerous, serial filings of copyright infringement cases can justify an award of attorneys' fees under Section 505. (Doc. # 12-1 at 53-54.) While not specifically addressed in the Motion, and consistent with its duty of candor to the Court, Righthaven calls attention to the decision in *Bridgeport Music, Inc. v. Diamond Time, Ltd.,* 371 F.3d 883 (6th Cir. 2004)("*Bridgeport*"). The panel in *Bridgeport* considered, among other things, the propriety of the district court's decision to award attorneys' fees under Section 505 where the plaintiff's elected "to sue hundreds of defendants all at the same time, regardless of the strength of the individual claims . . ." in an attempt to sweep up in their dragnet "parties against whom they had no chance of succeeding." *Bridgeport Music, Inc.,* 371 F.3d at 894. The facts presented before the panel in *Bridgeport* involved "the ultimate decision to dismiss the claims against [the] particular defendant rested on the statute of limitations, the plaintiffs' claims for contributory infringement and negligence were based on shaky facts and even shakier legal arguments." *Id.* In upholding the district court's award of

attorneys' fees under Section 505, the panel expressly recognized that "[t]he plaintiffs' failure to weed out stale claims means that there remain in these cases numerous claims and defendants that will never make it to trial. The Court must infer from plaintiffs' actions that these claims remain for the sole purpose of extracting a settlement based on the cost of litigating further." *Id.*

Righthaven calls the *Bridgeport* decision to the Court's attention because it is completely inapplicable to the facts before the Court, despite potential incorrect belief that the case supports an award of attorneys' fees under Section 505 when a plaintiff files numerous infringement actions within a given judicial district. The case does not stand for such a proposition. Rather, the case demonstrates the viability of an attorneys' fee award when numerous copyright infringement actions are commenced that are clearly barred by the statute of limitations and further based upon contributory and negligence liability theories that are legally and factually unsupportable. Righthaven's case against the Defendant falls well outside the parameters of the panel's decision in *Bridgeport*. As described herein, Righthaven commenced a direct infringement action against the Defendant on factually supported and legally recognized theories of liability. (*See* Doc. # 1, Exs. 1-4;Ganim Decl.; Glines Decl.) Moreover, it did not attempt to use unrecognized or time barred claims to extract a settlement from the Defendant or any other party in this judicial district. Rather, Righthaven sought to immediately and amicably resolve this case upon learning of the Defendant's medical condition. (Mangano Decl. ¶ 3.) These circumstances unquestionably distinguish the facts before the Court from those at issue in *Bridgeport*. Additionally, these facts demonstrate that Righthaven's copyright infringement claim against the Defendant was meritorious when filed. Accordingly, these facts do not support a finding in favor of an award of attorneys' fees under Section 505.

> ### 2.  *Righthaven's copyright infringement claim against the Defendant was not brought with improper motivation under a Section 505 analysis.*

There is no evidence before this Court to find that Righthaven brought its infringement claim against Defendant with an improper motive under a section 505 analysis. Improper motive under Section 505 has been construed to consider whether a credible suggestion exists that commencement of the action was motivated by spite or ill will, made in bad faith, or other meant to vex or harass. *See Dalton-Ross Homes, Inc. v. Williams,* 2008 WL 324199, at *1 (D. Ariz. Feb. 5, 2008).

While, without any credible support, the Defendant alludes to Righthaven's cases being brought without adequate due diligence, jurisdiction and to extract settlements despite these circumstances (Doc. # 12-1 at 54), the evidence before the Court reveals these claims to be nothing more than unsubstantiated bluster. First, with regard to the lack of diligence engaged in by Righthaven with regard to due diligence, the record clearly establishes that Righthaven exceeded its burden of pleading a *prima facie* copyright infringement claim against the Defendant based on the allegations of the Complaint and the exhibits attached in support thereof, which are further corroborated by the supporting declarations submitted. (*See* Doc. # 1, Exs. 1-4; Ganim Decl.; Glines Decl.)

Secondly, with regard to the merits of Righthaven's assertion of personal jurisdiction in this judicial district over non-resident defendants, the Court is directed to the company's recent oppositions to motions to dismiss for lack of jurisdiction filed in two cases: (1) *Righthaven LLC v. Matzoball Entertainment Online, LLC, et al.,* Civil Action No.: 1:11-cv-00305-JLK (Doc. # 17); and (2) *Righthaven LLC v. Sumner, et al.,* Civil Action No.: 1:11-cv-00222-JLK (Doc. # 12). Both of these oppositions strenuously assert why the Court can exercise personal jurisdiction over a non-resident defendant for the willful infringement of copyright protected material emanating from this forum. Rather than replicate these arguments with specific

reference to the Defendant in this action, Righthaven directs the Court to its analysis and legal authorities in support of its position in these actions in the interest of brevity, which is already in question given the landscape of issues addressed in this response.[2]  In short, Righthaven has unquestionably analyzed the personal jurisdiction issues presented by Defendant's Omnibus Motion to Dismiss and finds them unpersuasive or, at least, beyond an issue that can be credibly relied upon to support an inference of improper motive.

Moreover, contrary to any improper motive, the facts in this case demonstrate that Righthaven attempted to amicably and quickly resolve this matter once counsel learned of the Defendant's medical condition.  (Mangano Decl. ¶ 3.)  In fact, Righthaven's eventual dismissal of this action was in consideration of Defendant's medical condition – not because its copyright infringement claim lacked merit.  (*Id.*)  These circumstances demonstrate the action against Defendant was not commenced with an improper motive, thereby justifying a denial of Defendant's request for an award of attorneys' fees under Section 505.

---

[2]  Moreover, while not binding upon this Court, Righthaven has also prevailed in several cases on the issue of personal jurisdiction over a non-resident defendant under the United States Court of Appeals for the Ninth Circuit's application of the *Calder v. Jones* "effects test" as applied to copyright infringement of works misappropriated over the Internet. *See Magerwager.com, Inc.,* 2010 WL 4386499, at *3-5 (exercising specific personal jurisdiction over Canadian defendants); *Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *1 (denying foreign defendant's personal jurisdiction challenges through the exercise of specific personal jurisdiction); *see also Righthaven LLC v. Vote For The Worst, LLC, et al.,* Case No. 2:10-cv-01045-KJD-GWF (D. Nev. March 30, 2011)(Doc. # 28 at 3-6, denying defendants' personal jurisdiction challenges by exercising personal jurisdiction); *Righthaven LLC v. Mostofi,* Case No. 2:10-cv-01066-KJD-GWF (D. Nev. March 22, 2011)(Doc. # 19 at 2-5, finding the exercise of specific personal jurisdiction proper in denying the defendant's personal jurisdiction challenge); *Righthaven LLC v. EMTCity.com,* Case No. 2:10-cv-00854-HDM-PAL (D. Nev. Jan. 24, 2011)(Doc. # 28, denying personal jurisdiction claim by non-resident defendant by finding the exercise of specific personal jurisdiction appropriate); *Righthaven LLC v. Industrial Wind Action Group,* Case No. 2:10-cv-0601-RLH-PAL (D. Nev. Sept. 24, 2010)(Doc. # 16, denying motion for lack of personal jurisdiction brought by non-resident defendant by exercising specific jurisdiction).

### *3. Righthaven's copyright infringement claim against the Defendant was neither factually or legally objectionably unreasonable.*

Finally, Righthaven's copyright infringement claim against the Defendant cannot be construed as being factually or legally unreasonable given the circumstances before the Court. In this regard, a fee award would not promote the purposes of the Copyright Act. *See Matthew Bender & Co. v. West Publ'g Co.,* 240 F.3d 116, 122 (2d Cir. 2001)(The "imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act.").

Here, Righthaven's copyright claim was based on a fairly common claim of direct infringement. (Doc. # 1.) It did not involve attempts to advance novel applications of vicarious or contributory infringement. Quite simply, the copyrighted Work, which was owned by Righthaven, was found to have been posted on the Defendant's Website without authorization to do so. (*See* Doc. # 1, Exs. 1-4;Ganim Decl.; Glines Decl.) These allegations unquestionably support a legally cognizable claim for copyright infringement. *See Palladium Music, Inc.,* 398 F.3d at 1196 (10th Cir. 2005)("To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) unauthorized copying of constituent elements of the work that are original.").

In addition to being legally cognizable, Righthaven's copyright infringement claim was also brought upon facts that were objectively reasonable. Righthaven did not simply make bald, unsupported allegations of copyright infringement against the Defendant. Rather, its allegations were supported by numerous exhibits attached to the Complaint, which clearly demonstrate the factual viability underlying its legal assertions. (Doc. # 1, Exs. 1-4.) Moreover, Righthaven has supplemented these exhibits with declarations in support of this response that further establish a credible, independent basis to support the factual basis upon which its Complaint was predicated. (*See* Ganim Decl.; Glines Decl.)

In short, Righthaven's Complaint, including its legal assertions and underlying factual basis for them, was not some knee-jerk, fishing expedition into a defendant's potential copyright infringement liability. Rather, the Complaint's legal and factual allegations were objectively reasonable in view of the circumstances presented at the time of filing. Moreover, these legal and factual pre-filing assertions are confirmed based on the declarations submitted in support of Righthaven's response to Defendant's Motion. Given this record, it would be unjust for the Court to conclude Righthaven's copyright infringement claim was brought without sufficient legal or factual basis so as to justify an award of attorneys' fees under Section 505.

### C. *An Award of Attorneys' Fees is Not Justified Under The Court's Inherent Sanction Power.*

Finally, the record before the Court does not justify an award of attorneys' fees under its inherent sanction power. Accordingly, the Court cannot justify an award of attorneys' fees on this basis.

A court may only invoke its inherent power to award attorneys' fees as a sanction where it concludes that a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers,* 501 U.S. at 45-46 (internal quotations omitted). In essence, this standard requires a finding that a party has committed a fraud upon the court. *Id.* at 46. "A court must . . . exercise caution in invoking its inherent power and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees . . . ." *Id.* at 50.

Defendant's Motion provides absolutely no factual basis upon which the Court could justify an award of attorneys' fees under its inherent power in compliance with the mandates of due process. *See id.* at 50. Simply stated, there are no facts, admissible or otherwise, presented in the Motion that could justifiably permit the Court to conclude that Righthaven has committed a fraud upon it consistent with the requirements of due process. Rather, Defendant has

apparently elected to reserve his arguments and evidence in support for a time after reviewing Righthaven's response to the Motion. This is simply the antithesis of due process.

The lack of due process aside, Righthaven has attempted to affirmatively demonstrate the factual and legal viability of its copyright infringement claim in connection with this response. (*See* Doc. # 1, Exs. 1-4; Ganim Decl.; Glines Decl.) Righthaven has additionally attempted to show that it reasonably and expeditiously attempted to resolve this matter upon learning of the Defendant's medical condition. (*See* Mangano Decl.) These facts clearly fall short of evidence that Righthaven acted "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" in litigating this case during its relatively short duration. *See Chambers,* 501 U.S. at 45-46 (internal quotations omitted). Accordingly, an award of attorneys' fees as a sanction under the Court's inherent power is unjustified in view of the record presented.

## IV.    CONCLUSION.

For the foregoing reasons, Righthaven respectfully requests the Court deny the Defendant's Motion and grant such other relief as it deems appropriate.

Dated this 5th day of May, 2011.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas. Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com

STEVEN G. GANIM, ESQ.
RIGHTHAVEN LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5900
Fax: (702) 527-5909
sganim@righthaven.com

*Attorneys for Plaintiff Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on May 5, 2011, I caused the foregoing **RIGHTHAVEN LLC'S RESPONSE TO DEFENDNT BRIAN D. HILL'S MOTION FOR ATTORNEY FEES PURSUANT TO APRIL 14, 2011 MINUTE ORDER WITH CERTIFICATE OF SERVICE** to be to be served by the Court's CM/ECF system.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.