## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-00211-JLK

**RIGHTHAVEN LLC**, a Nevada Limited Liability Company
  Plaintiff,

  v.

**BRIAN D. HILL**, an individual,
  Defendant.
_____

## MOTION TO SEAL
_____

Brian Hill, by and through counsel, SANTANGELO LAW OFFICES, P.C., and pursuant to D.C. COLO. L. Civ. R. 7.2, hereby respectfully moves to seal Exhibit 7 attached to Defendant Brian Hill's Reply filed March 19, 2011. (Docket No. 27; Ex. 7). In support, Mr. Hill provides the following factual basis as well as points and authority.

### FACTUAL BACKGROUND

On May 19, 2011, Defendant Brian Hill ("Mr Hill") timely filed his Reply to Plaintiff Righthaven LLC's ('Righthaven") Response to Mr. Hill's Motion for Attorney's Fees (Docket No. 22-25). In that response, Mr. Hill included Exhibit 7 (Docket No. 27; Ex. 7), which contained financial account information that was inadvertently filed as public document (See memorandum dated May 20, 2011; Docket No. 28)

### POINTS AND AUTHORITY

The right to inspect and copy judicial records is not absolute. *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). To the contrary:

> All courts have supervisory powers over their own records and files. Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests.

1

Specifically, under D.C.Colo.LCivR. 7.2, Mr. Hill presents the following:

As previously indicated, Exhibit 7 (Docket No: 27 Ex. 7), is a proposed settlement agreement containing financial account information that was inadvertently filed as a public document. (See memorandum dated May 20, 2011; Docket No. 28). Pursuant to Fed. R. Civ. P. 5.2, and this Court's filing practices, restrictions on public access to such financial account information is appropriate. Counsel for Mr. Hill believes that no public interest is prejudiced in this instance. Such specific financial account information is not relevant to the proceedings and was inadvertently filed as public document. (See memorandum dated May 20, 2011 Docket No. 28). Counsel for Mr. Hill has indicated that he will file a redacted version of the exhibit. As such, the relief sought is narrowly tailored, appropriate and will not prejudice the Parties, or the public's right to access.

## CONCLUSION

Mr. Hill believes that good cause exists to proceed under seal at this time, and respectfully requests the relief sough herein.

Respectfully submitted May 19th , 2011.


**/s/David S. Kerr**_____
**David S. Kerr**
Santangelo Law Offices, P.C.
125 South Howes St., 3rd Floor
Fort Collins, CO 80521
Facsimile: 970-224-3175
Telephone: 970-224-3100
Email: dkerr@idea-asset.com


Attorney for Brian Hill

## **STATEMENT REGARDING LOCAL RULE 7.1**

Due to the immediacy of the pending action, as well as the temporary relief already granted and further instructions provided by the Court (See memorandum dated May 20, 2011; Docket No. 28), local Rule 7.1 is believed not applicable.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **MOTION TO SEAL** was served by EFS on this 20th day of May, 2011 upon the following counsel:

Steven G. Ganim
Righthaven LLC
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5909
FAX: (702) 527-5909
sganim@righthaven.com

Shawn A. Mangano
Righthaven LLC
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5909
FAX: (702) 527-5909
shawn@manganolaw.com

/s/ David S. Kerr
Santangelo Law Offices, P.C.
125 South Howes St., 3rd Floor
Fort Collins, CO 80521
Facsimile: 970-224-3175
Telephone: 970-224-3100
Email: dkerr@idea-asset.com