IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-00211-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

        Plaintiff,

v.

BRIAN D. HILL, an individual,

        Defendant.

---

**RIGHTHAVEN LLC'S MOTION FOR LEAVE TO FILE A SURREPLY IN RESPONSE TO DEFENDANT BRIAN HILL'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES WITH CERTIFICATE OF SERVICE**

---

    Righthaven LLC ("Righthaven") hereby moves this Court for leave to file a surreply in response to Defendant Brian Hill's ("Defendant") Reply in support of his motion for attorney's fees (the "Reply", Doc. # 27). Given the volume of new material and legal argument contained in the Reply, Righthaven further asks the Court vacate the May 27, 2011 hearing date on this issue and re-set a hearing so as to provide time for a meaningful surreply to be filed.

**CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1A**

    Pursuant to District of Colorado Local Rule 7.1.A, Righthaven's undersigned counsel hereby certify that they have conferred with Defendant's counsel, David Kerr, Esq. of Santangelo Law Offices, P.C. Defendant's counsel advised via electronic mail correspondence received today, May 24, 2011, that they would not stipulate to the relief sought in this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On March 21, 2011, Defendant filed his Omnibus Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, Lack of Personal Jurisdiction, Improper Venue or, Alternatively, to Transfer Venue and Attorneys Fees (Doc. ## 12, 12-1, 12-2, 12-3, 12-4, 12-5, 12-6, 12-7, 12-8, 12-9, 12-10, 12-11, and 12-12).  Approximately encompassing the final three pages of Defendant's 56-page omnibus submission as a Motion for Attorneys Fees (the "Motion", Doc. # 12-1 at 51-54).

Defendant's Motion argued for a fee award based upon the copyright defense of unclean hands, along with Defendant's purported entitlement to recovery pursuant to 17 U.S.C. § 505 of the Copyright Act of 1976 ("Section 505").  (*See id* at 52-53.)  No other grounds for recovery were set forth in the Motion.  No substantive facts were alleged by Defendant beyond speculative assertions concerning Righthaven's inability to effectively prosecute its pending cases and meaningfully engage in settlement efforts in these cases, as well as misplaced references to other proceedings that have no material bearing upon this action.  (*Id.*)

Righthaven voluntarily dismissed this action against Defendant on April 11, 2011.  (Doc. # 17.)  In doing so, Righthaven intended, and in fact believed its notice of dismissal, was dismissing the action with prejudice.  However, a review of the notice revealed that it did not expressly state the action was being dismissed with prejudice.  As a result, Righthaven filed an amended and/or corrected notice of dismissal indicating that its prior notice was to be with prejudice. (Doc. # 21.)

On April 14, 2011, the Court issued a Minute Order indicating that it retained jurisdiction over Defendant's Motion. (Doc. # 20.)  The Minute Order required Righthaven to file a response to the Motion on or before May 5, 2011, which it did.  (*Id.* at 2; Doc. # 22.)  The Court additionally set a hearing on the Motion for May 27, 2011, at 1:00 p.m.  (Doc. # 20 at 2.)

In its response, Righthaven expressly argued that Defendant was not entitled to relief under, among other grounds, Section 505 because of the complete lack of evidence presented along with its Motion. (Doc. # 20 at 9-10.) Righthaven further argued that the Defendant could not simply cure these evidentiary and argumentative shortcomings through submission of additional materials in his Reply. (*See id.*) This is precisely, however, what Defendant elected to do.

On the evening of May 19, 2011, Defendant filed the Reply. (Doc. # 27.) The Reply encompassed some 29-pages of argument and evidence, the virtually all of which had never been presented in the Motion (*Id.*) For instance, the Reply argued, for the first time, that an award of attorney's fees was justified under: (1) 28 U.S.C. § 1927; (2) C.R.S. § 13-17-102; and (3) under the Court's inherent sanction power. (*Id.* at 4-10.) Not only had these grounds for relief not been requested in the Motion, the evidentiary basis contained in the Reply was entirely absent from the Motion. Defendant's stalking horse practice of ambushing Righthaven with such new materials in the Reply is a completely improper form of motion practice in any jurisdiction. Righthaven asked Defendant to agree to its request for leave to file a surreply to the mountain of new evidence and argument contained in the Reply, but Defendant's refused to do so. Accordingly, Righthaven asks this Court for leave to file a surreply and to re-set the May 27th hearing on the Motion so that it is provided with ample time to do so.

## II.  ARGUMENT

Righthaven asks for an opportunity to file a meaningful response to the new arguments and evidence contained in the Reply. Righthaven further requests that the May 27th hearing in this matter be re-set so that it is provided with a sufficient opportunity to file its surreply.[1]

---

[1] On May 19, 2011, the Court issued a global stay of all pending Righthaven actions until it adjudicates a motion for lack of subject matter jurisdiction filed in *Righthaven LLC v. Wolf, et al.,* Case No. 1:11-cv-00830-JLK. The Court's stay indicated that it may lack standing under the Copyright Act of 1976 and, as such, would be unable to grant relief sought through a variety of motions to dismiss for lack of personal jurisdiction and other matters. Righthaven additionally maintains the stay should apply to Defendant's Motion given the relief sought under Section 505.

It is beyond dispute that a moving party is prohibited from introducing new facts or different legal arguments from that presented in the moving papers. *See Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 894-95 (1990) (recognizing the court has discretion to disregard late-filed factual matters); *Ojo v. Farmers Group, Inc.,* 565 F.3d 1175, 1186 n. 12 (9th Cir. 2009); *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) (the "district court need not consider arguments raised for the first time in a reply brief"); *Beaird v. Seagate Tech., Inc.,* 145 F. 3d 1159, 1164-65 (10th Cir. 1998). As noted by the panel in *Beaird*, leave to file a surreply should be granted to address new reasons and evidence advanced in a moving party's reply brief. *See Beaird,* 145 F.3d at 1164. Only if the court refuses to consider the new reasons and evidence does a refusal to grant leave to file a surreply not result in an abuse of discretion. *Id.*

Given the extensive amount of new evidence and argument, it seems impractical for the Court to parse through Defendant's 29-page Reply and issue an Order striking or otherwise delineating those portions of the submission it is not willing to consider prior to the May 27th hearing. Rather, the most practical and least prejudicial approach is to grant Righthaven leave to file a surreply that addresses the new argument and evidence contained in Defendant's Reply. The new evidence is replete throughout Defendant's Reply. In fact, it could easily be argued, as Righthaven asserted in its response to the Motion (Doc. # 20), that absolutely no evidence was presented to support an award of attorneys' fees under Section 505 or otherwise. Seeing this obvious evidentiary shortcoming in view of Righthaven's arguments, Defendant has now attempted to cure this defect through his Reply. While the Court can simply elect to limit its inquiry on the contents of the Motion, if it is not inclined to do so leave to file a surreply must be granted.

Leave to file a surreply must also be granted in view of the new grounds raised for the first time in Defendant's Reply for an award of attorneys' fees. As noted earlier, Defendant's attorneys' fees request consisted of approximately the final three pages of his 56-page omnibus submission. (Doc. # 12-1 at 51-54.) Defendant's arguments were limited to an award based on

unclean hands as a defense to copyright infringement and Section 505. (Doc. # 12-1 at 51-54.) Now, Defendant's Reply reiterates his entitlement to relief under Section 505, discusses his entitlement to an award based on "exceptional circumstances" in view of Righthaven's voluntary dismissal, argues that an award is authorized under 28 U.S.C. § 1927, maintains that C.R.S. § 13-17-102 also justifies an award, and finally claims that fees are recoverable under the Court's inherent sanction power. (Doc. # 27.) The numerous newly asserted grounds for relief and related arguments, which were not contained in the Motion and were raised for the first time in the Reply, clearly justifies granting Righthaven leave to file a surreply before a hearing on this mater. Accordingly, Righthaven respectfully requests leave to file a surreply to Defendant's 29-page Reply and asks the Court to re-set the May 27th hearing on this matter so that it has a meaningful opportunity to do so.

### III.  CONCLUSION

For the foregoing reasons, Righthaven respectfully requests leave to file a surreply to the Defendant's Reply (Doc. # 27). Righthaven additionally requests the Court re-set the May 27th hearing so that it is provided with a meaningful opportunity to address the newly presented evidence and arguments contained in Defendant's Reply.

Dated this 24th day of May, 2011.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas. Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com

STEVEN G. GANIM, ESQ.
RIGHTHAVEN LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5900
Fax: (702) 527-5909
sganim@righthaven.com

*Attorneys for Plaintiff Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 24th day of April, 2011, I caused the **RIGHTHAVEN LLC'S MOTION FOR LEAVE TO FILE A SURREPLY IN RESPONSE TO DEFENDANT BRIAN HILL'S REPLY IN SUPPORT MOTION FOR ATTORNEY'S FEES WITH CERTIFICATE OF SERVICE** to be to be served by the Court's CM/ECF system.

By: /s/ Shawn A. Mangano
Shawn A. Mangano, Esq.
SHAWN A. MANGANO, LTD.