## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-00211-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

       Plaintiff,

v.

BRIAN D. HILL, an individual,

       Defendant.

---

## RIGHTHAVEN LLC'S RESPONSE TO DEFENDNT BRIAN D. HILL'S OPENING BRIEF IN SUPPORT OF MOTION FOR ATTORNEY FEES WITH CERTIFICATE OF SERVICE

---

Righthaven LLC ("Righthaven") hereby responds to the filing by Defendant Brian D. Hill ("Defendant") that has been deemed a *de facto* "Opening Brief" in support of his Motion for Attorney Fees (Doc. # 27, the "Motion") by Order entered on May 25, 2011 (Doc. # 33).

Righthaven's response is supported by the previously submitted declaration of Sara Glines (the "Glines Decl.", Doc. # 23), who serves as the Vice President of Field Operations for MediaNews Group, the previously submitted declaration of Steven G. Ganim, Esq. (the "Ganim Decl.", Doc. # 24), who serves as in-house counsel for the company and is counsel of record in this action, along with the previously submitted declaration of Shawn A. Mangano, Esq. (the "Mangano Decl.", Doc. # 25), who is outside counsel for the company and is lead counsel in this action.

### I.     INTRODUCTION.

During the fairly short duration of this case, Righthaven prosecuted and attempted to resolve its claims as reasonably as possible.  Righthaven was unaware of the Defendant's

medical condition prior to filing suit.  (Mangano Decl. ¶ 3.)  Once Righthaven's counsel became

aware of the Defendant's medical condition, it immediately sought to resolve this case for the

sum of $1.00, the Defendant's agreement not to continue to disseminate untruthful statements

about the company, along with his agreement to remove any current Internet content, and with a

press release containing mutually acceptable language concerning the lawsuit's dismissal. (*Id.*)

Righthaven did not oppose Defendant's first request for an extension of time to respond

to the Complaint.  (Doc. # 9; Mangano Decl. ¶ 4.)  In fact, Righthaven even offered to stipulate

or file a non-opposition to a second request for an extension of time to respond to the Complaint

given the progress of settlement discussions between the parties.  (Mangano Decl. ¶ 4.)

Defendant's counsel refused, instead electing to file a 55-page brief in support of his Omnibus

Motion to Dismiss.  (*Id.*; Doc. # 12.)  Although Righthaven believed settlement was imminent,

having even reduced an agreement to writing, Defendant's counsel continued to raise a variety of

issues indicating his unwillingness to reach an amicable resolution. (*Id.* ¶ 5.)  Righthaven elected

to dismiss the action rather than spend additional time, effort and resources opposing

Defendant's Omnibus Motion to Dismiss or continue to try to resolve the apparent endless

stream of issues presented by opposing counsel that precluded an amicable resolution of this

matter.  (*Id.*)

Righthaven's desire to settle, and to eventually voluntarily dismiss this matter was driven

by the Defendant's medical condition.  (*Id.* ¶ 6.)  It was not done in response to a lack of merit

for the copyright infringement claims placed at issue through Righthaven's Complaint  (*Id.*)

In this regard, Righthaven clearly asserted a viable *prima facie* claim for copyright

infringement against the Defendant. (Doc. # 1.)  In support of its infringement claim, Righthaven

attached a copy of the copyrighted work at issue, evidence supporting Defendant's ownership

and control over the website used for the unauthorized posting of the work, evidence of the

work's registration with the United States Copyright Office ("USCO"), and a screen print of the

work's unauthorized display on the website owned and controlled by the Defendant.  (Doc. # 1,

Exs. 1-4.)  Righthaven has attempted to further validate the merits underlying its allegations in this action through the submission of the declaration of Sara Glines, who serves as the Vice President of Field Operations for MediaNews Group, and the declaration of Steven G. Ganim, Esq., who serves as in-house counsel for the company.  (*See* Glines Decl.; Ganim Decl.)  Simply put, the allegations set forth in Righthaven's Complaint, together with these supporting materials, demonstrate this case was brought with a clear factual and legal basis.

Righthaven is certainly aware of the disdain this Court apparently has for its perceived business model.  This disdain was clearly set forth in Court's April 7, 2011 Order, which denied Righthaven's first request for an extension of time to respond to the Omnibus Motion to Dismiss.  (Doc. # 16.)  Despite the Court's condemnation of its business model, Righthaven remains hopeful the Court will consider that the claims brought against the Defendant were not done with malice, for an improper purpose, or that the company did not reasonably attempt to resolve this matter once it learned of the Defendant's medical condition.

These factual observations aside, and turning to the substantive issues presented in the Motion, Righthaven voluntarily dismissed this action against Defendant on April 11, 2011.  (Doc. # 17.)  In doing so, Righthaven intended, and in fact believed its notice of dismissal, was dismissing the action with prejudice.  However, a review of the notice revealed that it did not expressly state the action was being dismissed with prejudice.  As a result, Righthaven filed an amended and/or corrected notice of dismissal indicating that its prior notice was to be with prejudice.  (Doc. # 21.)  Righthaven's dismissal of this case with prejudice is important because such action precludes the recovery of attorneys' fees absent "exceptional circumstances." *See Vanguard Envtl., Inc. v. Kerin,* 528 F.3d 756, 760 (10th Cir. 2008)(internal quotations omitted).  Defendant has presented no exceptional circumstances to warrant an award of attorneys' fees in this action in view of Righthaven's voluntary dismissal with prejudice.

Defendant's original request for an award of attorney fees was filed before Righthaven voluntarily dismissed this action.  (Doc. # 12 at 51-54.)  Defendant's original Motion asked the

Court for an award of attorney's fees under 17 U.S.C. § 505 of the Copyright Act ("Section 505"). (*See id* at 53.) Defendant's currently pending version of the Motion expands the basis for seeking an award of attorney fees to include: (1) 28 U.S.C. § 1927 ("Section 1927); (2) C.R.S. § 13-17-102; and (3) pursuant to the Court's inherent sanction power. (Doc. # 27 at 1.) As argued below, there is no justification under the considerations set forth under decisions interpreting Section 505 to justify an award of costs and reasonable attorneys' fees to the Defendant as a prevailing party based on the record before the Court. Accordingly, Section 505 does not support the relief requested by Defendant.

Likewise, as discussed below, there is no basis to justify an award of sanctions under Section 1927. In order to support an award under Section 1927, the Court must find "conduct that, viewed objectively, manifests either an intentional or reckless disregard of [an] attorney's duties to the court . . . ." *See Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1342 (10th Cir. 1998)(internal quotations omitted). "Because § 1927 is penal in nature 'the award should be made online in instances evidencing serious and standard disregard for the orderly process of justice.'" *Id.* (quoting *White v. American Airlines, Inc.,* 915 F.2d 1414, 1427 (10th Cir. 1990)(internal quotations and citation omitted)). Once again, the record before the Court, which demonstrates a clear intent by Righthaven to amicably resolve this matter, falls woefully short of meeting the standard required to justify an attorney fees award under Section 1927.

Defendant's reliance on C.R.S. § 13-17-102 also fails to support his request for an award of attorney fees. This is an action brought on federal question subject matter grounds. It is not a state court case. It is not a case predicated on diversity of citizenship for the exercise subject matter jurisdiction. As such, C.R.S. § 13-17-102 has no applicability to this action and cannot be relied upon by the Court for an award of attorney fees. *See Wolf v. Petrock,* 2010 WL 2232353, at *3 (D. Colo. June 2, 2010). Even if this were not the case, the express language of C.R.S. § 13-17-102(5) precludes an award of attorney fees if claims are voluntarily dismissed. Defendant's counsel, who routinely practices in this jurisdiction, should know that his client

could not recover attorney fees under C.R.S. § 13-17-102 in a federal question case and in view of the express language contained in C.R.S. § 13-17-102(5).  Accordingly, Defendant's reliance on this state statute as a basis for his requested relief must be rejected.

Finally, to the extent the Court concludes that despite Righthaven's voluntary dismissal of this action it continues to have the inherent power to award attorneys' fees to Defendant it must conclude that a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991)(internal quotations omitted). Defendant has neither presented, nor does the conduct during this case, meet the extremely high threshold for an award of attorneys' fees under the Court's inherent power.

## I.    STATEMENT OF FACTS.

On January 27, 2011, Righthaven filed this action for copyright infringement based on the unauthorized display of a photograph entitled, "TSA Agent performs enhanced pat-downs" (the "Work").  (Doc. # 1 at 2; Ganim Decl. ¶¶ 3-5.) The Work depicts a Transportation Safety Administration Agent performing a "pat-down" search of a traveler in a Denver, Colorado airport. (*Id.* at 2; Ganim Decl. ¶ 3; Glines Decl. ¶¶ 3-5.)  No other geographic location is associated with the Work. (Doc. # 1 at 3; Glines Decl. ¶ 5.) *The Denver Post* originally published the Work on or about November 18, 2010. (*Id.* at 2-3; Ganim Decl. ¶ 3; Glines Decl.  ¶ 6.)

On or about December 1, 2010, Defendant allegedly posted an unauthorized replication of the Work. (*Id.*at 2-4; Ganim Decl. ¶ 7; Glines Decl. ¶ 9.) All rights, title and interest in and to the Work were assigned to Righthaven on or about December 1, 2010.  (Glines Decl. ¶ 9.)  On December 8, 2010, Righthaven was granted registration in and to the Work by the USCO. (Doc. # 1 at 3, Ex. 4; Ganim Decl. ¶ 7.)

Specifically, Righthaven alleged in this action that on or about December 1, 2010, Defendant posted an unauthorized copy of the Work on the Internet website <uswgo.com> (the "Website"). (Doc. 1 at 2-4; Ganim Decl. ¶¶ 5-6.) Defendant is the admitted "founder of USWGO", as described in his Twitter profile. (*Id.* at 1; Ganim Decl. ¶ 5.)

After being granted a first extension of time to respond to Righthaven's Complaint (Doc. # 11), Defendant filed his Omnibus Motion to Dismiss.  (Doc. # 12.)  Righthaven, after the Court denied its motion for an extension of time to respond to the Omnibus Motion to Dismiss (Doc. # 16), voluntarily dismissed this action.  (Doc. # 18.)  Thereafter, Righthaven corrected and/or clarified its voluntary dismissal to reflect that it was with prejudice.  (Doc. # 21.)  Concurrently, the Court granted, without opposition, Defendant's request to adjudicate the instant Motion. (Doc. # 20.)  The Court permitted additional briefing at Righthaven's request given the numerous new legal arguments and factual grounds set forth in Defendant's reply brief.  (Doc. # 33.)  This submission is in response to the Court's Order granting additional briefing.  (*Id.*)

## II.     STANDARDS APPLICABLE TO DEFENDANT'S ATTORNEYS' FEES REQUEST.

Righthaven voluntarily dismissed this action with prejudice by filing its amended and/or corrected notice of dismissal.  (Doc. # 17.)  "A defendant may not recover attorneys' fees when a plaintiff voluntarily dismisses an action with prejudice . . . absent 'exceptional circumstances.'" *See Vanguard Envtl., Inc.,* 528 F.3d at 760 (quoting *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1527 (10th Cir. 1997)).  An example of exceptional circumstances is "'when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system.'" *Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1222 (10th Cir. 2006)(quoting *AeroTech, Inc.,* 110 F.3d at 1528). The dismissal of claims with prejudice, even done shortly before trial, does not constitute exceptional circumstances necessary to warrant an award of attorneys' fees.  *See Vanguard Envtl., Inc.,* 528 F.3d at 760.

Section 505 permits a prevailing party to recovery reasonable attorneys' fees and costs. 17 U.S.C. § 505.  Such an award is at the district court's discretion.  *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994).  Awards under Section 505 must be applied in an evenhanded manner faithful to the purposes of the Copyright Act.  *Id.* at 534.  In making such a determination, the

district court should consider such factors as the "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty,* 510 U.S. at 534 n.19 (internal quotations omitted).

As noted above, sanctions issued under Section 1927 requires the Court to find "conduct that, viewed objectively, manifests either an intentional or reckless disregard of [an] attorney's duties to the court . . . ." *See Miera,* 143 F.3d at 1342.  Moreover, "[b]ecause § 1927 is penal in nature 'the award should be made online in instances evidencing serious and standard disregard for the orderly process of justice.'" *Id.* (quoting *White v. American Airlines, Inc.* 915 F.2d 1414, 1427 (10th Cir. 1990)(internal quotations and citation omitted)).

Pursuant to its inherent power, "a court may assess attorney's fess [as a sanction] when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Chambers,* 501 U.S. at 45-46 (internal quotations omitted).  "In this regard, if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party. *Id.* at 46 (internal quotations omitted).  "A court must . . . exercise caution in invoking its inherent power and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees . . . ." *Id.* at 50.  Moreover, "when there is bad faith-conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than its inherent power." *Id.*

Application of the foregoing standards demonstrates that Defendant's request for an award of attorneys' fees should be denied.  First, Righthaven's dismissal with prejudice precludes an award of attorneys' fees because no exceptional circumstances are present to authorize such relief.  Second, the factual record before the Court does not warrant an award of attorneys' fees under the factors considered under Section 505.  Third, the record is completely devoid of conduct rising to the level of intentional or reckless misconduct required to justify an

attorney fees award under Section 1927.  Fourth, C.R.S. § 13-17-102 cannot be invoked to justify an award of attorney fees in a federal question case and, additionally, in view of the voluntary dismissal of claims.  Finally, an award based on the Court's inherent sanction power is unjustified given the facts of this case.  Accordingly, Defendant's Motion should be denied.

### III.   ARGUMENT.

There are apparently five grounds upon which Defendant bases his request for an award of attorney fees: (1) in view of Righthaven's voluntary dismissal of this action with prejudice; (2) pursuant to the consideration factors under Section 505; (3) pursuant to Section 1927; (4) based on application of C.R.S. § 13-17-102; and (5) pursuant to the Court's inherent sanction power.  (Doc. # 27 at 1.)

Amazingly, Defendant's Motion purports to set forth various standards applicable to his request for an attorney fees award, but, with the exception of an award for based on exceptional circumstances, he merely engages in various, shotgun-style attacks based largely on innuendo or a misapplication of facts without specifically telling the Court how such information supports an award under any specific provision.  (*Id.* at 10-26.)  Apparently, Defendant wishes to seek recovery based on his skewed factual recitation and citation to other pending actions while asking the Court to apply these biased factual accounts to the applicable standards to under his five alleged grounds for an award of attorney fees.  (*Id.*)

Unlike Defendant's approach, Righthaven will address the merits of each of these five grounds for an award of attorneys' fees in view of the record before the Court.  To the extent it deems necessary to address Defendant's skewed factual assertions, it will do so as part of its analysis. Righthaven asserts that Defendant's Motion should be denied after proper consideration of the record presented in view of the applicable legal standards.

A.       ***Righthaven's Voluntary Dismissal With Prejudice Bars an Award of Attorneys' Fees Absent Exceptional Circumstances, Which Are Not Present.***

Righthaven voluntarily dismissed this action with prejudice by filing its amended and/or corrected notice of dismissal.  (Doc. # 17.)  As stated in the amended and/or corrected notice of dismissal, Righthaven inadvertently omitted reference to the dismissal being with prejudice when it was filed.  (*Id.*)  Upon discovering its omission, Righthaven promptly corrected its error.

Recovery of attorneys' fees following a voluntary dismissal with prejudice is only justified upon a finding of exceptional circumstances. *Vanguard Envtl., Inc.,* 528 F.3d at 760. One example of exceptional circumstances is "'when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system.'" *Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1222 (10th Cir. 2006)(quoting *AeroTech, Inc.,* 110 F.3d at 1528).  A plaintiff is entitled to dismiss claims with prejudice shortly before the start of trial without qualifying as exceptional circumstances to support an award of attorneys' fees.  *See Vanguard Envtl., Inc.,* 528 F.3d at 760.  The rationale underlying this approach recognizes that a party benefitting from a dismissal with prejudice does not face the possibility of incurring costs in defending the action again.[1] *See AeroTech, Inc.,* 110 F.3d at 1528.

The record before the Court contains absolutely no basis upon which it could properly conclude the presence of exceptional circumstances to justify an award of attorneys' fees.  As argued in the introduction to this response, Righthaven's infringement claim had clear factual and evidentiary support.  (*See* Doc. # 1, Exs. 1-4;Ganim Decl.; Glines Decl.)  Righthaven attempted to amicably and quickly resolve this matter once counsel learned of the Defendant's medical condition.  (Mangano Decl. ¶ 3.)  Moreover, Righthaven's eventual dismissal of this

---

[1]   Defendant argues "even in the absence of specific statutory authorization, Rule 41 allows

action was in consideration of Defendant's medical condition – not because its copyright infringement claim lacked merit.  (Mangano Decl. ¶ 3.)

In support of his request for an award of attorneys' fees, Defendant offers no specific factual basis upon which the Court could conclude that exceptional circumstances exist in this case.  In fact, the Defendant has failed to disclose any facts from Righthaven's prosecution of this case whatsoever that demonstrate sufficient conduct to justify a finding of "exceptional circumstances" required to support an attorney fees award.  (Doc. # 27 at 7-10.)  Rather, Defendant attempts to characterize Righthaven as a party that sues copyright infringers and then readily dismisses actions to prevent defending parties from raising legitimate defenses and to foreclose an award of attorney's fees.  (*Id.* at 8.)  Defendant's claims are a complete fabrication.

Righthaven has successfully litigated numerous complex issues, such as personal jurisdiction and subject matter jurisdiction, raised in a variety of copyright infringement cases.  *See, e.g., Righthaven LLC v. Magerwager.com, Inc.,* 2010 WL 4386499, at *1 (D. Nev. Oct. 28, 2010); *Righthaven LLC v. Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *1 (D. Nev. Sept. 2, 2010).  Righthaven is also prosecuting to actions pending before the United States Court of Appeals for the Ninth Circuit.  *See Righthaven LLC v. Center for Intercultural Organizing, et al.,* Case No. 11-16358; *Righthaven LLC v. Realty One Group, Inc.,* Case No. 11- 15714.  It has also, obviously, managed to resolve matters on agreeable terms given the facts presented in this judicial district and in the district of Nevada.

More importantly, when Righthaven has been presented with circumstances that may warrant dismissing its claims, such as if a defendant were on a fixed income or suffering from poor health, it has done so not out of a lack of merit for its claims, but rather because the circumstances justified such action.  This is precisely what Righthaven attempted to do when its outside counsel learned of Defendant's physical condition.  (Mangano Decl. ¶ 3.)  This is also demonstrated in Righthaven's dismissal of Denise Nichols' case in *Righthaven LLC v. Leon, et al.,* Case No. 2:10-cv-01672-GMN-LRL, which is cited disingenuously by Defendant in support

of his claim that the company readily dismisses claims when substantively challenged.  In fact, Righthaven's decision to dismiss its claims against Ms. Nichols with prejudice without her entitlement to seek attorney's fees was a proposal advanced by United States District Judge Navarro – not some scheme employed by Righthaven to avoid such a result.  (Mangano Supp. Decl. ¶ 3.)  Simply put, Defendant's misplaced and improper characterization of three cases out of some 275 copyright infringement lawsuits speaks volumes as to the propriety and reasonableness with which Righthaven prosecutes its claims.  It does not demonstrate some serial proclivity for litigating meritless actions in bad faith.

In short, Defendant's Motion fails to direct the Court to even a scintilla of evidence from these proceedings to justify a finding of exceptional circumstances.  Rather, Defendant asks this Court to conclude otherwise by making disparaging remarks about Righthaven's ability and its methods for prosecuting pending copyright litigation matters.  Defendant's contentions are nothing short of absurd.  The record before the Court demonstrates that Righthaven had clear legal and factual basis for commencing its copyright infringement claim against Defendant. (*See* Doc. # 1, Exs. 1-4;Ganim Decl.; Glines Decl.)  Righthaven has further attempted to demonstrate that it attempted to resolve this case promptly and amicably when its counsel learned of the Defendant's medical condition.  (Mangano Decl. ¶ 3.)  These circumstances do not evidence the conduct of a party that has engaged in exceptional circumstances sufficient to support an award of attorneys' fees given its dismissal of its case with prejudice.  Accordingly, Righthaven maintains that an award of attorneys' fees under this standard would be improper.

## B.      *An Award of Attorneys' Fees is Unwarranted Under Section 505 Based on The Facts Before The Court.*

An award of attorneys' fees under Section 505 is also unwarranted based on the facts before the Court.  Accordingly, Righthaven asserts that Section 505 cannot serve as a basis for granting the relief requested by Defendant's Motion.  In this regard, Defendant's "counsel

concedes that this Court could find that . . . precedent may cut-off an award of attorneys' fees under Section [] 505." (Doc. # 27 at 26.)

As noted earlier in this response, Section 505 permits a prevailing party to recovery reasonable attorneys' fees and costs.[2] 17 U.S.C. § 505. Such an award is at the district court's discretion. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994). Awards under Section 505 must be applied in an evenhanded manner faithful to the purposes of the Copyright Act. *Id.* at 534. Although there is no "precise rule or formula" for a court to employ when deciding whether a party is entitled to an award of attorneys' fees under Section 505, the court may consider factors such as the frivolousness, motivation, objective reasonableness of the non-prevailing party's action (both in factual and the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence. *Palladium Music, Inc. v. Eastsleepmusic, Inc.,* 398 F.3d 1193, 1200 (10th Cir. 2005)(citing *Fogerty,* 510 U.S. 534 n.19. The district court abuses its discretion when "it fails to consider the applicable legal standard or the facts upon which the exercise of discretionary judgment is based." *See Ohlander v. Larson,* 114 F.3d 1531, 1531 (10th Cir. 1997).

Here, proper application of the attorneys' fee award factors under Section 505 does not justify the relief requested in Defendant's Motion based on the factual record before the Court. While Righthaven will strive to effectively address each of the attorneys' fee award factors the Court is required to consider under Section 505, it should be noted that Defendant's original version of this filing and the instant Motion contain no meaningful analysis or credible

---

[2]   Although the United States Court of Appeals for the Tenth Circuit has apparently not addressed the issue, other courts have determined that a voluntary dismissal with prejudice or other favorable court initiated disposition may qualify as a prevailing party under Section 505 based on "a material alteration of the legal relationship" between the parties. *See Cadkin v. Loose,* 569 F.3d 1142, 1150 (9th Cir. 2009); *Riviera Distribs., Inc. v. Jones,* 517 F.3d 926, 928 (7th Cir, 2008); *Torres-Negron v. J & N Records, LLC,* 504 F.3d 151, 164 (1st Cir. 2007). Accordingly, recovery under Section 505 may be precluded based on these decisions should the Court refuse to recognize Righthaven's amended and/or corrected notice of dismissal. (Doc. # 17.)

supporting evidence to justify his requested relief under Section 505.  (Doc. # 12-1 at 51-54; Doc. # 27 at 26-27.)

Righthaven asserts that Defendant's failure to demonstrate his entitlement to such relief in his Motion by applying facts to the applicable standard for recovery under Section 505 is fatal and cannot be cured by submission of additional evidence and argument through a reply brief. Defendant already attempted to cure his original omission in this regard by such tactics, which resulted in the Court permitting additional briefing at Righthaven's request.  (Doc. # 33.) Thus, Defendant's failure to demonstrate entitlement to an award of attorneys' fees under Section 505 by properly addressing the factors applicable to the Court's determination with credible evidence should be deemed a waiver or failure of his ability to demonstrate a *prima facie* entitlement to the relief requested.  This fact alone axiomatically supports denying Defendant an award of attorneys' fees based upon Section 505.

Defendant's failure to demonstrate a *prima facie* entitlement to recover attorneys' fees aside, the application of each of the specific consideration factors to the record presented to this Court supports denying Defendant an award under Section 505.

### 1. *Righthaven's copyright infringement claim against the Defendant was not meritless under a Section 505 analysis.*

Turing to the first consideration factor for an award of attorneys' fees under Section 505, Righthaven's copyright infringement claim was not without merit.

 As a threshold matter, Righthaven's allegations unquestionably support a legally cognizable claim for direct copyright infringement. *See Palladium Music, Inc.,* 398 F.3d at 1196 (10th Cir. 2005)("To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) unauthorized copying of constituent elements of the work that are original.").  Righthaven did not advance any novel or cutting-edge vicarious or contributory liability theories or seek to enforce rights that were obviously barred by the statute of limitations.

Righthaven certainly wishes to address the Defendant's claim that numerous, serial filings of copyright infringement cases can justify an award of attorneys' fees under Section 505. (Doc. # 12-1 at 53-54.)  While not specifically addressed in the Motion, and consistent with its duty of candor to the Court, Righthaven calls attention to the decision in *Bridgeport Music, Inc. v. Diamond Time, Ltd.,* 371 F.3d 883 (6th Cir. 2004)("*Bridgeport*").  The panel in *Bridgeport* considered, among other things, the propriety of the district court's decision to award attorneys' fees under Section 505 where the plaintiff's elected "to sue hundreds of defendants all at the same time, regardless of the strength of the individual claims . . ." in an attempt to sweep up in their dragnet "parties against whom they had no chance of succeeding." *Bridgeport Music, Inc.,* 371 F.3d at 894.  The facts presented before the panel in *Bridgeport* involved "the ultimate decision to dismiss the claims against [the] particular defendant rested on the statute of limitations, the plaintiffs' claims for contributory infringement and negligence were based on shaky facts and even shakier legal arguments." *Id.*  In upholding the district court's award of attorneys' fees under Section 505, the panel expressly recognized that "[t]he plaintiffs' failure to weed out stale claims means that there remain in these cases numerous claims and defendants that will never make it to trial.  The Court must infer from plaintiffs' actions that these claims remain for the sole purpose of extracting a settlement based on the cost of litigating further." *Id.*

Righthaven calls the *Bridgeport* decision to the Court's attention because it is completely inapplicable to the facts presented despite a potential incorrect belief that the case supports an award of attorneys' fees under Section 505 when a plaintiff files numerous infringement actions within a given judicial district.  Simply put, the *Bridgeport* decision does not stand for such a proposition.  Rather, the case demonstrates the viability of an attorneys' fee award when numerous copyright infringement actions are commenced that are clearly barred by the statute of limitations and further based upon contributory and negligence liability theories that are legally and factually unsupportable.  Righthaven's case against the Defendant falls well outside the parameters of the panel's decision in *Bridgeport*.  As described herein, Righthaven commenced a

direct infringement action against the Defendant on factually supported and legally recognized theories of liability. (*See* Doc. # 1, Exs. 1-4;Ganim Decl.; Glines Decl.) Moreover, it did not attempt to use unrecognized or time barred claims to extract a settlement from the Defendant or any other party in this judicial district.  As discussed below, Righthaven's claim was also commenced in this judicial district based on its well-founded belief that personal jurisdiction and venue could be maintained over the Defendant in the forum.  Rather, Righthaven sought to immediately and amicably resolve this case upon learning of the Defendant's medical condition. (Mangano Decl. ¶ 3.) These circumstances unquestionably distinguish the facts before the Court from those at issue in *Bridgeport*.  Additionally, these facts demonstrate that Righthaven's copyright infringement claim against the Defendant was meritorious when filed.  Accordingly, these facts do not support a finding in favor of an award of attorneys' fees under Section 505.

   *2.   Righthaven's copyright infringement claim against the Defendant was not brought with improper motivation under a Section 505 analysis.*

   There is no evidence before this Court to find that Righthaven brought its infringement claim against Defendant with an improper motive under a section 505 analysis.  Improper motive under Section 505 has been construed to consider whether a credible suggestion exists that commencement of the action was motivated by spite or ill will, made in bad faith, or other meant to vex or harass.  *See Dalton-Ross Homes, Inc. v. Williams,* 2008 WL 324199, at *1 (D. Ariz. Feb. 5, 2008).

   While, without any credible support, the Defendant alludes to Righthaven's cases being brought without adequate due diligence, jurisdiction and to extract settlements despite these circumstances (Doc. # 12-1 at 54), the evidence before the Court reveals these claims to be nothing more than unsubstantiated bluster.  First, with regard to the lack of diligence engaged in by Righthaven with regard to due diligence, the record clearly establishes that Righthaven exceeded its burden of pleading a *prima facie* copyright infringement claim against the

Defendant based on the allegations of the Complaint and the exhibits attached in support thereof, which are further corroborated by the supporting declarations submitted.  (*See* Doc. # 1, Exs. 1-4; Ganim Decl.; Glines Decl.)

Secondly, with regard to the Defendant's claim that this action was brought in a jurisdiction and venue where he is not subject to personal jurisdiction (Doc. # 27 at 10-13), Righthaven vehemently disagrees. Righthaven has fully briefed its assertion of personal jurisdiction in this judicial district over non-resident defendants, as set forth in the company's oppositions filed in response to motions to dismiss in, at least, the following two cases: (1) *Righthaven LLC v. Matzoball Entertainment Online, LLC, et al.,* Civil Action No.: 1:11-cv-00305-JLK (Doc. # 17); and (2) *Righthaven LLC v. Sumner, et al.,* Civil Action No.: 1:11-cv-00222-JLK (Doc. # 12).  Both of these oppositions strenuously assert why the Court can exercise personal jurisdiction over a non-resident defendant for the willful infringement of copyright protected material emanating from this forum.  Rather than replicate these arguments with specific reference to the Defendant in this action, Righthaven directs the Court to its analysis and legal authorities in support of its position in these actions in the interest of brevity, which is already in question given the landscape of issues addressed in this response.[3]  In short,

_____

[3]  Moreover, while not binding upon this Court, Righthaven has also prevailed in several cases on the issue of personal jurisdiction over a non-resident defendant under the United States Court of Appeals for the Ninth Circuit's application of the *Calder v. Jones* "effects test" as applied to copyright infringement of works misappropriated over the Internet. *See Magerwager.com, Inc.,* 2010 WL 4386499, at *3-5 (exercising specific personal jurisdiction over Canadian defendants); *Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *1 (denying foreign defendant's personal jurisdiction challenges through the exercise of specific personal jurisdiction); *see also Righthaven LLC v. Vote For The Worst, LLC, et al.,* Case No. 2:10-cv-01045-KJD-GWF (D. Nev. March 30, 2011)(Doc. # 28 at 3-6, denying defendants' personal jurisdiction challenges by exercising personal jurisdiction); *Righthaven LLC v. Mostofi,* Case No. 2:10-cv-01066-KJD-GWF (D. Nev. March 22, 2011)(Doc. # 19 at 2-5, finding the exercise of specific personal jurisdiction proper in denying the defendant's personal jurisdiction challenge); *Righthaven LLC v. EMTCity.com,* Case No. 2:10-cv-00854-HDM-PAL (D. Nev. Jan. 24, 2011)(Doc. # 28, denying personal jurisdiction claim by non-resident defendant by finding the exercise of specific personal jurisdiction appropriate); *Righthaven LLC v. Industrial Wind Action Group,* Case No. 2:10-cv-0601-RLH-PAL (D. Nev. Sept. 24, 2010)(Doc. # 16, denying motion

Righthaven has unquestionably analyzed the personal jurisdiction issues presented by Defendant's Motion finds them unpersuasive or, at least, beyond an issue that can be credibly relied upon to support an inference of improper motive.

Likewise, contrary to Defendant's contention (Doc. # 27 at 13-14), Righthaven has not sought relief unsupported by law in seeking the transfer of the Website domain in this case.  To begin with, such relief is clearly warranted under the post-judgment enforcement procedures set forth under Federal Rule of Civil Procedure 64 ("Rule 64").  Moreover, such relief has been authorized under 17 U.S.C. § 503(b).  *See Central Point Software, Inc. v. Nugent,* 903 F. Supp. 1057, 1061 (E.D. Tex. 1995).  In *Central Point Software*, the defendant was found to have violated the plaintiff's copyrights by posting copies of plaintiffs' software on the defendant's "Electronic Bulletin Board System." As part of the plaintiffs' remedy for infringement, the Eastern District of Texas transferred from the defendant to the plaintiffs "all computer hardware and software used to make and distribute the unlicensed or unauthorized copies of the plaintiffs' copyrighted software.  The covered items include, but are not limited to, modems, disk drives, central processing units, and all other articles by means of which such unauthorized or unlicensed copies were made." *Id*. The court cited 17 U.S.C. §503(b) as authority for this decision, and specifically quoted the statute as follows:

> As part of a final judgment or decree, the court may order the "destruction *or other reasonable disposition* of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights, *and* of all plates, molds, matrices, masters, tapes, film negatives, *or other articles* by means of which such copies or phonorecords may be reproduced.

*Id*. (citing 17 U.S.C. §503(b), emphasis added).  Thus, Righthaven's request for surrender of the Website domain as part of its requested relief was certainly not unsupported by law, as claimed

---

for lack of personal jurisdiction brought by non-resident defendant by exercising specific jurisdiction).

by Defendant.  Accordingly, this cannot serve as a basis for determining this action was brought with an improper motive or so meritless as to justify an attorneys' fee award under Section 505.

Moreover, contrary to any improper motive, the facts in this case demonstrate that Righthaven attempted to amicably and quickly resolve this matter once counsel learned of the Defendant's medical condition.  (Mangano Decl. ¶ 3.)  In fact, Righthaven's eventual dismissal of this action was in consideration of Defendant's medical condition – not because its copyright infringement claim lacked merit.  (*Id.*)  These circumstances demonstrate the action against Defendant was not commenced with an improper motive, thereby justifying a denial of Defendant's request for an award of attorneys' fees under Section 505.

### 3.      *Righthaven's copyright infringement claim against the Defendant was neither factually or legally objectionably unreasonable.*

Finally, Righthaven's copyright infringement claim against the Defendant cannot be construed as being factually or legally unreasonable given the circumstances before the Court. In this regard, a fee award would not promote the purposes of the Copyright Act.  *See Matthew Bender & Co. v. West Publ'g Co.,* 240 F.3d 116, 122 (2d Cir. 2001)(The "imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act.").

Here, Righthaven's copyright claim was based on a fairly common claim of direct infringement.  (Doc. # 1.)  It did not involve attempts to advance novel applications of vicarious or contributory infringement.  Quite simply, the copyrighted Work, which was owned by Righthaven, was found to have been posted on the Defendant's Website without authorization to do so.  (*See* Doc. # 1, Exs. 1-4;Ganim Decl.; Glines Decl.)  These allegations unquestionably support a legally cognizable claim for copyright infringement. *See Palladium Music, Inc.,* 398 F.3d at 1196 (10th Cir. 2005)("To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) unauthorized copying of constituent elements of the work that are original.").

In addition to being legally cognizable, Righthaven's copyright infringement claim was also brought upon facts that were objectively reasonable. Righthaven did not simply make bald, unsupported allegations of copyright infringement against the Defendant. Rather, its allegations were supported by numerous exhibits attached to the Complaint, which clearly demonstrate the factual viability underlying its legal assertions. (Doc. # 1, Exs. 1-4.) Moreover, Righthaven has supplemented these exhibits with declarations in support of this response that further establish a credible, independent basis to support the factual basis upon which its Complaint was predicated. (*See* Ganim Decl.; Glines Decl.)

As discussed above, Righthaven commenced suit in this forum and judicial district with a justifiable belief that specific personal jurisdiction could be exercised over the Defendant. Righthaven's belief in this regard is supported by decisions finding the exercise of specific personal jurisdiction over non-resident defendants under the *Calder* "effects" test from various judges sitting in the District of Nevada. *See Magerwager.com, Inc.,* 2010 WL 4386499, at *3-5 (exercising specific personal jurisdiction over Canadian defendants); *Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *1 (denying foreign defendant's personal jurisdiction challenges through the exercise of specific personal jurisdiction); *see also Vote For The Worst, LLC,* Case No. 2:10-cv-01045-KJD-GWF (Doc. # 28 at 3-6, denying defendants' personal jurisdiction challenges by exercising personal jurisdiction); *Mostofi,* Case No. 2:10-cv-01066-KJD-GWF (Doc. # 19 at 2-5, finding the exercise of specific personal jurisdiction proper in denying the defendant's personal jurisdiction challenge); *EMTCity.com,* Case No. 2:10-cv-00854-HDM-PAL (Doc. # 28, denying personal jurisdiction claim by non-resident defendant by finding the exercise of specific personal jurisdiction appropriate); *Industrial Wind Action Group,* Case No. 2:10-cv-0601-RLH-PAL (Doc. # 16, denying motion for lack of personal jurisdiction brought by non-resident defendant by exercising specific jurisdiction). Moreover, as addressed in Righthaven's oppositions to motions to dismiss filed in, at least, two cases (*Righthaven LLC v. Matzoball Entertainment Online, LLC, et al.,* Civil Action No.: 1:11-cv-00305-JLK (Doc. # 17); and

*Righthaven LLC v. Sumner, et al.,* Civil Action No.: 1:11-cv-00222-JLK (Doc. # 12)), there is more than an ample basis to find that specific personal jurisdiction can be exercised over a non-resident defendant in this forum for acts of Internet-based copyright infringement related to forum a specific work originating within the State of Colorado under the *Calder* "effects" test, which is an issue that has yet to be expressly decided by the United States Court of Appeals for the Tenth Circuit.  Accordingly, Defendant's contention that filed this action clearly without proper personal jurisdiction, which this Court has yet to determine in any pending case, cannot be relied upon to satisfy this prong of the Court's Section 505 analysis.

Similarly, and as also discussed above, Defendant cannot rely upon Righthaven's allegedly improper request for him to surrender the Website domain as relief in this action to satisfy this prong of the Court's Section 505 analysis.  Righthaven's request for Website domain transfer is supported by Rule 64 and is further supported under 17 U.S.C. §503(b).  *See Central Point Software, Inc*., 903 F. Supp. at 1061.

In short, Righthaven's Complaint, including its legal assertions and underlying factual basis for them, was not some knee-jerk, fishing expedition into a defendant's potential copyright infringement liability.  Rather, the Complaint's legal and factual allegations were objectively reasonable in view of the circumstances presented at the time of filing.  Moreover, these legal and factual pre-filing assertions are confirmed based on the declarations submitted in support of Righthaven's response to Defendant's Motion.  Given this record, it would be unjust for the Court to conclude Righthaven's copyright infringement claim was brought without sufficient legal or factual basis so as to justify an award of attorneys' fees under Section 505.

C.    ***An Award of Attorneys' Fees is Not Warranted Under Section 1927.***

Next, Defendant requests an award of attorneys' fees under Section 1927.  Once again, Defendant has failed to apply any of the submitted facts to the applicable standards for recovery under Section 1927.  While this omission may warrant procedurally denying his request, his request must be rejected substantively under a Section 1927 analysis.

As stated earlier, in order to support an award under Section 1927, the Court must find "conduct that, viewed objectively, manifests either an intentional or reckless disregard of [an] attorney's duties to the court . . . ." *See Miera,* 143 F.3d at 1342 (internal quotations omitted). "Because § 1927 is penal in nature 'the award should be made online in instances evidencing serious and standard disregard for the orderly process of justice.'" *Id.* (quoting *White,* 915 F.2d at 1427 (internal quotations and citation omitted)).  Section 1927 principally seeks to sanction conduct that has resulted in the unreasonable multiplication of proceedings at the expense of an adverse party.  *Hamilton v. Boise Cascade Express,* 519 F.3d 1197, 1203 (10th Cir. 2008). Accordingly, when a court imposes sanctions under Section 1927, it must sufficiently express the basis for the sanctions imposed and identify the excess costs incurred by the adverse party to whom they are due.  *Id.*

Here, there is no basis for the Court to find that Righthaven or its counsel engaged in objectively reckless conduct or with an intentional disregard in these proceedings.  As discussed above, Righthaven Complaint clearly evidences a *prima facie* claim for direct copyright infringement liability against the Defendant.  (*See* Doc. # 1, Exs. 1-4;Ganim Decl.; Glines Decl.) Righthaven's outside counsel immediately attempted to amicably and quickly resolve this matter once counsel learned of the Defendant's medical condition.  (Mangano Decl. ¶ 3.)  As also discussed above, Righthaven filed suit in this forum with more than objectively reasonable grounds for believing that specific personal jurisdiction could be properly exercised over the Defendant.  Finally, despite Defendant's claim to the contrary, Righthaven had a legal basis to seek surrender of the Website domain pursuant to Rule 64 and under 17 U.S.C. § 503(b).  *See Central Point Software, Inc.,* 903 F. Supp. at 1061.  Accordingly, neither Righthaven nor its counsel engaged in any objectively reckless conduct or acted in intentional disregard in this action.   This conclusion clearly supports denying Defendant an award of attorneys' fees under Section 1927.

Additionally, Defendant's request for an award of attorneys' fees under Section 1927 should be denied because he has failed to set forth any unreasonable multiplication of proceedings at this expense. *Hamilton,* 519 F.3d at 1203.   In this regard, Defendant's best attempt at establishing such facts is his contention that Righthaven unreasonably extended these proceedings during settlement negotiations.  (Doc. # 27 at 17-20.)  Defendant's argument defies logic.  Given the ongoing settlement discussions between the parties, Righthaven offered to stipulate or file a non-opposition to a second request for an extension of time to respond to the Complaint.  (Mangano Decl. ¶ 4.)  It was Righthaven's position that doing so would save the Defendant and his counsel in the need to expend time on filing a formal response to the Complaint.  Defendant's counsel refused Righthaven's offer and instead electing to file a 55-page brief in support of his Omnibus Motion to Dismiss.  (*Id.*; Doc. # 12.)  Quite frankly, this voluminous filing was completely unnecessary absent the Defendant's need to point to it as a basis for justifying an exorbitant award of attorneys' fees in this case.  After filing the Omnibus Motion to Dismiss, Defendant's counsel employed numerous tactics to drag out the settlement negotiations in an attempt to force Righthaven to the Omnibus Motion to Dismiss.  In short, Defendant had absolutely no intention of resolving this action amicably or quickly.  All such efforts were merely a ruse to justify the Motion now before the Court.

In sum, Defendant has failed to demonstrate any entitlement to an attorneys' fee award under Section 1927.  Righthaven's and its counsel's conduct in prosecuting this action was not objectively done with a reckless or intentional disregard as required under Section 1927.  Moreover, Defendant has failed to demonstrate how such alleged conduct resulted in the unnecessary multiplication of these proceedings.  Accordingly, Defendant's request for an award of attorneys' fees under Section 1927 should be denied.

### D. *Defendant is Precluded From Recovering Attorneys' Fees Under C.R.S. § 13-17-102 in This Case as a Matter of Law.*

Defendant's Motion asserts that he is entitled to a recovery of attorneys' fees pursuant to C.R.S. § 13-17-102.  (Doc. # 27 at 6-7.)  Defendant's reliance on C.R.S. § 13-17-102 in this action is directly contrary to precedent and is also contrary to the express language of statute should it somehow be deemed applicable.  Defendant's reliance on C.R.S. § 13-17-102, which is clearly inapplicable to this case, serves to underscore his apparent zeal to obtain an award of attorneys' fees.

As the Court is aware, subject matter jurisdiction over this case was invoked based on Defendant's alleged infringement of rights expressly conferred under the Copyright Act.  It is well settled that "[a] prevailing party in federal court may receive attorneys' fees with respect to federal claims only where provided for by statute or agreement."  *Wolf,* 2010 WL 2232353, at *1.  While a federal court sitting in diversity may treat a state attorney fee provision as substantive, "state laws . . . have no applicability to federal claims brought in federal court."  *Id.* at *2 (rejecting a party's reliance on C.R.S. § 13-17-102 in a federal question case).  Accordingly, Defendant cannot invoke the state law provisions of C.R.S. § 13-17-102 in this action to as a basis for the recovery of attorneys' fees.

Even if the Court were to find otherwise, the express language of C.R.S. § 13-17-102 forecloses the recovery of attorneys' fees by Defendant.  Specifically, C.R.S. § 13-17-102(5) precludes an award of attorney fees if claims are voluntarily dismissed.  Righthaven voluntarily dismissed its claims against Defendant in this action.  Accordingly, Defendant is not only barred from relying on C.R.S. § 13-17-102 as a basis for his attempted recovery of attorneys' fees because this is a federal question case, he is also barred from recovery based on the statute's plain language.  In fact, Defendant's attempt to seek recovery of attorneys' fees under C.R.S. § 13-17-102 in view of the above cited authority and the express statutory language could easily be characterized as frivolous.

E.      *An Award of Attorneys' Fees is Not Justified Under The Court's Inherent Sanction Power.*

Finally, the record before the Court does not justify an award of attorneys' fees under its inherent sanction power.  Accordingly, the Court cannot justify an award of attorneys' fees on this basis.

A court may only invoke its inherent power to award attorneys' fees as a sanction where it concludes that a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers,* 501 U.S. at 45-46 (internal quotations omitted).  In essence, this standard requires a finding that a party has committed a fraud upon the court.  *Id.* at 46.  "A court must . . . exercise caution in invoking its inherent power and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees . . . ." *Id.* at 50.

As discussed above, Righthaven has affirmatively demonstrated the factual and legal viability of its copyright infringement claim in connection with this response.  (*See* Doc. # 1, Exs. 1-4;Ganim Decl.; Glines Decl.)  This includes addressing Defendant's claims that Righthaven commenced this action without a reasonably basis for asserting specific personal jurisdiction and Defendant's contention that the company improperly sought transfer of the Website domain as part of its requested relief.   Righthaven has additionally attempted to show that it reasonably and expeditiously attempted to resolve this matter upon learning of the Defendant's medical condition.  (*See* Mangano Decl.)  These facts clearly fall short of evidence that Righthaven acted "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" in litigating this case during its relatively short duration. *See Chambers,* 501 U.S. at 45-46 (internal quotations omitted).

Defendant has additionally asserted in support of his requested relief that Righthaven's undersigned counsel made a contradictory or misleading statement to the Court in asserting that the company's outside counsel sought to promptly resolve this matter upon learning of

Defendant's medical condition.  (Doc. # 27 at 15-16.)  Righthaven's outside counsel stands by his statement.  While Righthaven's in-house counsel apparently engaged in some settlement negotiations with the Defendant early on in this action, once Defendant's condition was brought to the company's undersigned counsel he immediately sought to resolve the matter as stated.  (Mangano Decl. ¶ 3.)  Righthaven's outside counsel has made absolutely false, misleading or contradictory statements in this action – or in any other action for that matter.

Finally, Righthaven wholeheartedly disputes Defendant's characterization of the settlement terms and negotiations between the parties in this case.  (Doc. # 27 at 20-21.)  In fact, a cursory review of the Defendant's contentions causes Righthaven's counsel to wonder if they were involved in the case.  For instance, Defendant protests the fact that his mother was included in the draft settlement proposal.  (*Id.* at 21.)  Defendant's mother was included in the settlement proposal based on, among other things, that she is Defendant's guardian.  (Mangano Supp. Decl. ¶ 4.)  Moreover, including her in the proposal helped to mitigate any perceived competency issues raised by Defendant's counsel.  (*Id.*)  Righthaven did ask that any settlement be accompanied by a press release.  (*Id.*)  It did not, as claimed by Defendant, as him to agree to the contents of a fabricated press release.  (*Id.*)  Any press release content required, obviously, the approval of Defendant's counsel.  (*Id.*)  Defendant's attempt to characterize the press release otherwise is truly offensive.  Righthaven asked for a press release, along with the Defendant's agreement to take down certain defamatory Internet posts as a means to redress the harm caused by him spreading actionable content to the public.  (*Id.*)  This request was not to stifle public criticism or to require the Defendant to relinquish his right to free speech, which does not cover his actionable statements.  (*Id.*)

In sum, Defendant has done an admirable job of concocting and misconstruing events in this case to support his overwhelming desire to recover an award of attorneys' fees.  Such an award is not justified under the Court's inherent power, or any other basis upon which recovery is sought.  Accordingly, Defendant's Motion should be denied.

## IV.    CONCLUSION.

For the foregoing reasons, Righthaven respectfully requests the Court deny the

Defendant's Motion and grant such other relief as it deems appropriate.

Dated this 10th day of June, 2011.

<div style="margin-left:50%">

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com

STEVEN G. GANIM, ESQ.
RIGHTHAVEN LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5900
Fax: (702) 527-5909
sganim@righthaven.com

*Attorneys for Plaintiff Righthaven LLC*

</div>

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on June 10, 2011, I caused the foregoing **RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT BRIAN D. HILL'S OPENING BRIEF IN SUPPORT OF MOTION FOR ATTORNEY FEES WITH CERTIFICATE OF SERVICE** to be to be served by the Court's CM/ECF system.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.