IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-00211-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

        Plaintiff,

v.

BRIAN D. HILL, an individual,

        Defendant.

---

**SUPPLEMENTAL DECLARATION OF SHAWN A. MANGANO, ESQ. IN SUPPORT OF RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT BRIAN D. HILL'S OPENING BRIEF IN SUPPORT OF MOTION FOR ATTORNEY FEES WITH CERTIFICATE OF SERVICE**

---

    I, Shawn A. Mangano, Esq., being first duly sworn upon oath, do hereby depose and state:

    1.  I am licensed to practice law before this Court, as well as in the jurisdictions of Nevada, California and Illinois. I have personal knowledge of the facts stated herein, except as to those matters stated on information and belief, and if called upon to testify thereto, would be competent to do so.

    2.  I am lead counsel of record in this case for Plaintiff Righthaven LLC ("Righthaven") on behalf of my firm, Shawn A. Mangano, Ltd. This supplemental declaration is made in support of Plaintiff Righthaven LLC's Response to Defendant Brian D. Hill's Opening Brief in Support of Motion for Attorney Fees Order With Certificate of Service.

    3.  I am counsel of record for Righthaven in *Righthaven LLC v. Leon, et al.,* Case No. 2:10-cv-01672-GMN-LRL, which Defendant has cited disingenuously in support of his claim that the company readily dismisses claims when substantively challenged. In fact, Righthaven's decision to dismiss its claims against Ms. Nichols, a defending party in the case, with prejudice

without her entitlement to seek attorney's fees was a proposal advanced by United States District Judge Navarro – not some scheme employed by Righthaven to avoid such a result. Moreover, Righthaven's decision was made in view of Ms. Nichols' medical condition.

       4.   Defendant's mother was included in the settlement proposal in this case based on, among other things, the belief that she is the Defendant's guardian. Moreover, including her in the proposal helped to mitigate any perceived competency issues raised by Defendant's counsel. Righthaven did ask that any settlement be accompanied by a press release. It did not, as claimed by Defendant, as him to agree to the contents of a fabricated press release. Any press release content required, obviously, the approval of Defendant's counsel. Righthaven asked for a press release, along with the Defendant's agreement to take down certain defamatory Internet posts as a means to redress the harm caused by him spreading actionable content to the public. This request was not to stifle public criticism or to require the Defendant to relinquish his right to free speech, which does not cover his actionable statements.

       I declare under penalty of perjury that the foregoing is true and correct.

       Executed this 10th day of June, 2011.

                                             /s/Shawn A. Mangano
                                                Shawn A. Mangano, Esq.

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 10th day of June, 2011, I caused a copy of the **SUPPLEMENTAL DECLARATION OF SHAWN A. MANGANO, ESQ. IN SUPPORT OF PLAINTIFF RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT BRIAN D. HILL'S OPENING BRIEF IN SUPPORT OF MOTION FOR ATTORNEY WITH CERTIFICATE OF SERVICE** to be to be served by the Court's CM/ECF system.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com