**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action No. **1:11-cv-00211-JLK**

**RIGHTHAVEN LLC**, a Nevada Limited Liability Company

   Plaintiff,

      v.

**BRIAN D. HILL**, an individual,

   Defendant.

---

**ORDER**

---

Kane, J.

On January 27, 2011, Plaintiff Righthaven LLC filed suit against Defendant Brian D. Hill, alleging that Mr. Hill had infringed its copyright in a photograph depicting a Transportation Security Administration Agent performing an enhanced pat-down search at Denver International Airport (the "Work"). The Work was originally published in, and the copyright held by, *The Denver Post*, but at some point following its original publication on November 18, 2010, the copyright was transferred to Plaintiff Righthaven LLC.[1] On or about December 1, 2010, Defendant Brian D. Hill displayed the Work on his website, uswgo.com, without seeking or receiving permission to do so from Righthaven.

---

[1] Significant doubts regarding the nature of this transfer and Righthaven's interest in the copyright have been raised in this and other cases. The nature of Righthaven's interest in the copyrighted material is not, however, relevant to my resolution of Defendant's Motion for Attorney Fees and I decline to address it.

1

Based on these alleged facts, Righthaven filed suit against Mr. Hill alleging copyright infringement in violation of the anti-infringement provisions of the federal Copyright Act. *See* 17 U.S.C. § 501. Apparently unbeknownst to Righthaven, however, Mr. Hill is a mentally and physically disabled young man who requires around-the-clock attention, which is provided by his mother. Because of his disabilities, neither Mr. Hill nor his mother can work; their only form of income is Mr. Hill's monthly Social Security disbursement. Initially, Righthaven showed little sympathy for Mr. Hill's poor health and limited financial resources. It opposed Mr. Hill's motion for an extension of time to file an answer,[2] and attempted to impose numerous conditions in its settlement negotiations with Mr. Hill. Mr. Hill refused to accept Righthaven's proposed settlement, instead filing an Omnibus Motion to Dismiss, Transfer Venue, and for Attorney Fees (doc. 12).

Shortly thereafter, for reasons left to speculation, Righthaven voluntarily dismissed its suit against Mr. Hill with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).[3] Although Righthaven's voluntarily dismissal mooted the majority of Mr. Hill's motion, I retained jurisdiction to determine whether an award of attorney fees is warranted. The parties have fully briefed the issues related to Mr. Hill's Motion for Attorney Fees (doc. 12), and it is ready for

---

[2] In its opposition, Righthaven argued that Mr. Hill's self-styled *pro se* answer to Righthaven's complaint constituted his answer and refused to acquiesce to the request of Mr. Hill's newly retained counsel to file an amended answer. Over Righthaven's objection , I granted Mr. Hill's motion and allowed an extension of time to answer or otherwise respond to Righthaven's complaint.

[3] The parties dispute the reasons for Righthaven's voluntary dismissal. Righthaven insists that it dismissed this case in light of Mr. Hill's health problems and limited financial resources; Mr. Hill argues Righthaven dismissed this case because it had no desire to actually litigate the merits of its claim. As is often the case, I believe there is some truth to both versions of events, but I need not resolve this issue to determine Mr. Hill's motion and I decline to do so.

disposition. Based on the forthcoming discussion and analysis, Mr. Hill's motion is DENIED.

ANALYSIS

In the United States, it is well-settled that prevailing parties are not entitled to collect attorney fees from the loser. *See Alyeska Pipeline Svc. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *see also Johnson v. City of Tulsa*, 489 F.3d 1089, 1103 (10th Cir. 2007). The "American Rule," is not, however, without exceptions, namely: the bad-faith exception, the common fund exception, the willful disobedience of a court order exception, and the common benefit exception. *Alyeska*, 421 U.S. at 257-59; *see also Aguinaga v. United Food & Commercial Workers Int'l Union*, 993 F.2d 1480, 81 (10th Cir. 1993). Additionally, Congress has carved out exceptions to this rule, allowing for the recovery of attorney fees under select statutes granting or protecting various federal rights. *Id.* at 260. Finally, many states have created exceptions to this rule, and the exceptions of the forum state apply when a federal court's jurisdiction rests upon diversity of citizenship. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000).

In the instant case, Mr. Hill invokes four of these exceptions as potential bases for the awarding of his attorney fees: three statutory (§ 505 of the Copyright Act, 28 U.S.C. § 1927, and C.R.S. 13-17-102) and one judicial (the bad-faith exception). I address each *seriatim*.

*§ 505 of the Copyright Act*

Section 505 of the Copyright Act allows a court to award attorney fees to the party who prevails in an action brought under federal copyright law. 17 U.S.C. § 505. Notably, this provision allows the court to award fees to either a prevailing plaintiff or a prevailing defendant. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). Courts are permitted to exercise their

discretion in determining whether an award of attorney fees is proper, considering such factors as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 n. 19. Before exercising my discretion, however, I must first determine if Mr. Hill is a "prevailing party" within the meaning of this fee shifting provision.

For purposes of federal fee shifting statutes, a party has prevailed when there has been a judicially sanctioned "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). Thus, in order to establish that he is a "prevailing party," Mr. Hill must show that (1) there has been a material alteration of the legal relationship of the parties and (2) the alteration has been judicially sanctioned.

Mr. Hill easily satisfies the first step of this inquiry. It is beyond cavil that Righthaven's dismissal of its claim against Mr. Hill, with prejudice, has materially altered the legal relationship of the parties. As a result of this action, Righthaven may not file suit against Mr. Hill on the claims alleged in its complaint. It is, however, the nature of this dismissal that is dispositive.

Righthaven dismissed its complaint pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), which permits a plaintiff to dismiss a party *without a court order*. Righthaven's voluntarily dismissal became effective upon filing; no judicial sanction was required to give it effect.[4] *See, e.g.*,

---

[4] Both Righthaven and Mr. Hill spend a great deal of effort explicating and/or distinguishing cases involving voluntarily dismissal upon a court order. The standards relevant to imposition of attorney fees pursuant to Fed. R. Civ. P. 41(a)(2) are irrelevant to the issue of

*Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp. 2d 836, 839 (M.D. Tenn. 2004). Because the material alteration of the parties' relationship required no judicial sanction, Mr. Hill is not a "prevailing party" and may not recover his attorney fees under the fee shifting provision of the Copyright Act.

## *28 U.S.C. §1927*

A court may award attorney fees under 28 U.S.C. §1927 when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." This is an "extreme standard," and "a court should make such an award only in instances evidencing a serious and standard disregard for the orderly process of justice." *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997). Furthermore, as the Tenth Circuit recently noted, "[t]his unambiguous statutory language necessarily excludes the complaint that gives birth to the proceedings, as it is not possible to multiply proceedings until *after* those proceedings have begun." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1225 (10th Cir. 2006) (emphasis in original).

Righthaven's alleged misconduct, no matter how egregious, did not multiply the proceedings "unreasonably and vexatiously." Inspection of this case's docket reveals that the entire controversy, from Righthaven's filing of the complaint to its voluntarily dismissal, lasted less than three months. In that time span, Righthaven only filed one substantive motion. Although it's recalcitrant position in settlement negotiations may have necessitated Mr. Hill's filing of his Omnibus Motion to Dismiss and prolonged the proceedings, § 1927 does not

---

whether Mr. Hill has prevailed in this action. Unlike Fed. R. Civ. P. 41(a)(1)(A)(i), a party's voluntary dismissal pursuant to Rule 41(a)(2) becomes effective only upon a court order. Cases addressing the imposition of attorney fees after a Rule 41(a)(2) dismissal cannot stand for the proposition that a party voluntary dismissed without a court order is a prevailing party.

contemplate punishing a party for zealously pursuing its own interests absent some evidence of recklessness or indifference to the law.

*C.R.S. 13-17-102*

As noted above, the attorney fee statutes of the forum state apply when a federal court's jurisdiction rests upon diversity of citizenship. State attorney fee remedies are not, however, available in a federal court exercising its original jurisdiction over a federal claim. *Compare Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000) (the attorney fee statute of the forum state should be applied when a federal court exercises its jurisdiction over diverse parties)*, with Wolf v. Petrock*, 2010 U.S. Dist. LEXIS 61915, *5-6 (June 2, 2010) (state attorney fee statutes do not apply when a federal court exercises its original jurisdiction over a federal claim).

Righthaven's cause of action is founded in federal copyright law. Accordingly I exercise original jurisdiction, *see* 28 U.S.C. § 1338, and the state attorney fee provision is inapplicable. Mr. Hill's argument that Congress did not intend to foreclose state remedies in enacting the Copyright Act is unavailing. Although it is apparent that Congress did not intend to preempt existing state remedies for infringement of works that do not come within the subject matter of copyright, once a work has been registered it falls under the ambit of federal copyright law and state remedies are inapplicable. *See LaResolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1198-99 (10th Cir. 2005) ("By creating a new, single federal system, Congress preempted all state copyright law") (abrogated on other grounds by *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010)).

Even if this remedy were applicable, the statute expressly precludes an award of attorney fees "if, after filing suit, a voluntary dismissal is filed as to any claim or action within a

reasonable time after the attorney or party filing the dismissal knew, or reasonably should have known, that he would not prevail on said claim or action." C.R.S. § 13-17-102(4).  Putting aside the reasons for Righthaven's voluntary dismissal, given the fact that it dismissed its cause of action against Mr. Hill within three months of filing its complaint, the timing of its dismissal was reasonable.  Accordingly, the state attorney fee provision affords no remedy for Mr. Hill.

*The Bad-Faith Exception*

Even though there is no statutory remedy for Mr. Hill, I may still award attorney fees pursuant to the power inherent in all courts to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).  As noted above, these inherent powers provide the basis for four exceptions to the "American Rule."  Three of those exceptions are irrelevant in this case; I only analyze whether the bad-faith exception allows me to award attorney fees to Mr. Hill.

The bad-faith exception to the American Rule allows a court to impose attorney fees as a sanction for bad-faith conduct in the course of litigation.  *See Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 766 (10th Cir. 1997).  Accordingly, "[w]hen a party acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons'" a court may award attorney fees to the aggrieved party. *Mt. W. Mines, Inc. v. Cleveland-Cliffs Iron Co.*, 470 F.3d 947, 953-54 (10th Cir. 2006) (quoting *Sterling Energy, Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984)).  The Tenth Circuit has, however, set a high bar for bad-faith awards; in order to justify an award of attorney fees under the bad-faith exception I must "make a finding of bad intent or improper motive." *Id.* (quoting *Sterling Energy*, 744 F.2d at 1437).

7

As I have previously noted, there is substantial evidence that Righthaven has engaged in a pattern of filing copyright infringement suits against naïve bloggers in order to secure settlement agreements, often with a minimal investment of time and effort. These lawsuits act as an effective bargaining chip in the negotiation of settlement agreements, because the cost of settlement is often less than the cost a defendant would incur in defending against Righthaven's suit. Indeed, if I were to award attorney fees in this case it would materially weaken the bargaining position that Righthaven has so successfully relied upon.

Nevertheless, even though there are significant legal questions concerning the viability of Righthaven's cause of action against Mr. Hill, there is no evidence that it brought suit in this district solely for the purpose of extorting settlement. Although its claims may eventually prove unsuccessful, I cannot find conclusive evidence of bad intent or improper motive.[5][6] Congress has seen fit to provide strict liability for copyright infringement, and absent clear evidence of bad faith I decline to punish a party who seeks to vindicate its statutory right. Accordingly, I find it improper to exercise my inherent authority to award Mr. Hill attorney fees under the bad-faith exception to the American Rule.

## CONCLUSION

Mr. Hill's motion for attorney fees is replete with allegations of Righthaven's misconduct

---

[5] I admit, Mr. Hill's arguments that I lack personal and subject matter jurisdiction over Righthaven's claim and that Righthaven seeks improper relief in its Compaint are appealing. Contrary to his assertions, however, these issues are not easily resolved and I cannot say that Righthaven has failed to make a colorable argument in support of its stated positions.

[6] Mr. Hill's allegations of Righthaven's misconduct in settlement negotiations do not provide adequate basis for a finding of bad faith. Although settlement negotiations are increasingly a significant part of the litigation process, it is beyond my purview to police parties' conduct in private negotiations.

throughout the course of this litigation.  Indeed, if only a handful of these allegations are true, Righthaven's conduct is deplorable.  Nevertheless, this conduct does not justify an award of attorney fees under any statutorily created or judicially recognized exceptions to the prevailing rule that, in our system of justice, all parties are to bear their own attorney fees.  Accordingly, Mr. Hill's Motion for Attorney Fees (doc. 12) is DENIED.

Dated: September 9, 2011                                BY THE COURT:

                                                      **/s/ John L. Kane**
                                                      Senior U.S. District Judge